[No. 13994. Department Two. August 29, 1917.]

FRED M. BOND, *Appellant*, v. JOHN A. MARR *et al.*,
*Respondents*.

GEORGE W. FISHER *et al.*, *Appellants*, v. JOHN A. MARR
*et al.*, *Respondents*.[1]

FRAUDULENT CONVEYANCES — PREFERENCES — CONSIDERATION — EVIDENCE—SUFFICIENCY. A deed by a debtor in failing circumstances, in consideration of $10 and the satisfaction of a mortgage on the premises for $1,000 is not shown to be fraudulent as to creditors, from the fact that witnesses testified that the value of the property was from $1,000 to $2,000, that the grantor was allowed to remain in possession and collected some rents, and that the grantee did not inquire as to the taxes, or deliver the note and mortgage at the time, where it appears that the note and mortgage were past due, had been placed in the hands of an attorney for collection, and left there to be called for by the grantor, who was permitted to remain on the premises and collect rents on account of his straitened circumstances.

COSTS—ON APPEAL—NONAPPEARANCE. Where the respondent fails to appear in the supreme court, he is not entitled to costs on affirming the judgment.

Appeal from a judgment of the superior court for Pacific county, Edward H. Wright, J., entered October 18, 1916, in favor of the defendants, dismissing consolidated actions to set aside a deed on the ground of fraud, tried to the court. Affirmed.

*Robert G. Chambers* and *Fred M. Bond*, for appellants.

[1]Reported in 167 Pac. 132.

MOUNT, J.—These two actions were brought independently by two judgment creditors of John A. Marr, to set aside a deed upon the ground of alleged fraud. The deed in question was executed by defendant John A. Marr to defendant H. M. Walker and covered certain real estate in the city of Raymond. After issues were joined, the cases were consolidated and tried together. At the conclusion of the evidence, the trial court dismissed the actions. The plaintiffs have appealed.

The facts are as follows: On November 18, 1913, the defendant Walker loaned to the defendant Marr $1,000 upon a promissory note bearing interest at the rate of ten per cent, payable one year after date. This note was secured by a mortgage upon the property in question. Mr. Marr at that time was conducting a grocery store in a building upon the property. He was also living in the building. At the end of the year, when the note became due, Mr. Marr paid the interest, but did not pay the principal. Thereafter other creditors of Mr. Marr were threatening to sue him upon accounts past due. Mr. Walker also demanded payment of his mortgage, and placed the same in the hands of an attorney for foreclosure. Mr. Marr thereupon agreed with Mr. Walker that, in consideration of the mortgage and $10 additional, he would convey the property to him by deed and thus prevent a foreclosure. On the 2d day of November, 1915, Mr. Marr executed a deed and conveyed the property to Mr. Walker in satisfaction of the mortgage debt and in consideration of $10, which was then paid by Mr. Walker to Mr. Marr. On about the same day, the appellants brought suits against Mr. Marr to collect past due accounts for merchandise sold to him. These suits resulted in judgments against Mr. Marr. After executions had been returned *nulla bona*, this action was brought to set aside the deed upon the ground of fraud. At the time the deed was given, Mr. Walker did not surrender the note and mortgage, but left these papers with the attorney, where they had been placed

for collection, and told Mr. Marr that he could obtain them when he called for them. Mr. Marr was allowed to remain in possession of the building upon the real estate, and he collected the rent thereafter from one or two persons who occupied rooms over the store. After Mr. Walker had obtained and filed his deed of record, he paid taxes on the property, and also paid insurance and street assessments, so that, at the time of the trial, he had invested in the property about the sum of $1,300. Various witnesses, who testified as to the value of the property, placed the value at from $1,000 to $2,000. Mr. Walker testified that, when he bought the property, he thought the taxes and assessments had been paid thereon, and afterwards found out that taxes and assessments had not been paid, and he thereafter paid them. Mr. Marr admitted that he had received certain rents from roomers in the building, and that the money he received for those rents he had converted to his own use, but stated he intended to pay the same to Mr. Walker. These are substantially the facts.

The trial court, after hearing all the evidence and having seen the witnesses, concluded that there was no fraud on the part of Mr. Walker, and, apparently for that reason, dismissed the action.

It is argued by the appellants that, because Mr. Walker purchased the property for the amount of his mortgage and $10, when the property was of the value of from $1,500 to $3,000, this was an inadequate consideration, and that, because Mr. Walker permitted Mr. Marr, the grantor in the deed, to remain in possession of the premises and collect certain rents upon the building, and because Mr. Walker did not inquire, at the time the deed was delivered to him, as to whether taxes were due on the property, and because the note and mortgage were not surrendered, all these facts indicate that the deed was given in order to prevent creditors from collecting their debts from Mr. Marr, and was therefore fraudulent.

There is some force in these contentions. It is not claimed that the mortgage, which was executed by Mr. Marr to Mr. Walker in the year 1913, was not a good faith transaction. Mr. Walker, on the 2d day of November, 1915, had a valid, subsisting mortgage against the property. The mortgage was past due and unpaid. He was threatening foreclosure. He had placed the note and mortgage in the hands of an attorney with directions to foreclose. These facts are not disputed. It is claimed by the appellants that the value of the property, being from $1,500 to $3,000, was out of proportion to the amount due upon the mortgage, and that this indicates that the transaction was fraudulent. Witnesses who testified as to the value of the property placed it at from $1,000 to $2,000. No witness placed the value of the property at the time of the transaction at more than $2,000. One witness placed it at $1,000. Other witnesses said it was not worth more than the amount due upon the mortgage, and taxes and street assessments against it.

We have very carefully read the whole record in the case and are of the opinion that the price paid by Mr. Walker to Mr. Marr for the property was about its value. There certainly can be no fraud, either actual or constructive, where property is mortgaged for about all it is worth, when the mortgagor and the mortgagee agree that a deed shall be made in satisfaction of the mortgage debt in order to avoid foreclosure. That was clearly the case here. It is true Mr. Walker permitted the grantor of the deed to remain in possession of the property, that is, he permitted him to live there and to conduct a store until it was closed. Mr. Marr also collected some rent from roomers occupying rooms above the store, but Mr. Walker explained that Mr. Marr was then in straitened circumstances, debts were owing to Mr. Marr which he could not collect, and he could not pay the bills against him. Mr. Walker testified that, because Mr. Marr was in straitened circumstances, he permitted him to remain in the store and to collect those rents until he closed out his

store.   While the fact that Mr. Marr remained in the store
and was permitted to collect the rents is some evidence of
fraud, yet, when explained, it is clearly not sufficient to
justify the conclusion that the transaction was fraudulent.
The fact that the mortgage was not delivered to Mr. Marr
or was not satisfied of record is of no importance.   The testi-
mony clearly is that Mr. Walker told Mr. Marr that he
could have his note and mortgage by calling upon the at-
torney, who had possession of them, and that Mr. Marr had
neglected to do so.   The mortgage was merged in the deed,
and it was therefore not necessary that the mortgage should
be satisfied of record.

A careful reading of the record satisfies us that the trial
court properly dismissed the action, and the judgment is
therefore affirmed.

The respondent has not appeared in this court and is
therefore entitled to no costs here.

ELLIS, C. J., HOLCOMB, FULLERTON, and PARKER, JJ.,
concur.