Schalansky v. Schalansky.

---

No. 22,625.

HENRY SCHALANSKY, *Appellant*, v. EDWARD SCHALANSKY and AGNES SCHALANSKY, *Appellees*.

### SYLLABUS BY THE COURT.

COUPON INTEREST NOTE—*Defense of Payment—Evidence*. In an action to foreclose a mortgage on account of the nonpayment of a coupon interest note, where the defense is payment of the note, and the evidence tends to prove that defense, the verdict and judgment in favor of the defendant will not be disturbed on the ground that the verdict and judgment are not supported by evidence.

Appeal from Smith district court; RICHARD M. PICKLER, judge. Opinion filed April 10, 1920. Affirmed.

*W. E. Mahin*, of Osborne, and *F. W. Mahin*, of Smith Center, for the appellant.

*A. W. Relihan*, and *T. D. Relihan*, both of Smith Center, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: In this action the plaintiff seeks to foreclose a mortgage on account of the nonpayment of a coupon note for $270. The defendant pleaded payment of the note. Judgment was rendered in his favor, and the plaintiff appeals. The assignments of error are as follows:

"1. The court erred in refusing to sustain the motion to set aside the verdict and render judgment for the plaintiff.

"2. The court erred in overruling plaintiff's motion for a new trial."

An analysis of these assignments of error and of the argument to support them establishes that the plaintiff's contention is that the evidence did not prove that the note was paid. There was evidence which tended to show that defendant Edward Schalansky had bought real property of the plaintiff, Henry Schalansky, for which Edward Schalansky paid $2,000 in cash and executed a second mortgage for $9,000; that the coupon note sued on represented interest on the $9,000; that when the sale was made a tenant was in possession of the land; that to give Edward Schalansky possession of the property it became necessary to purchase the rights of the tenant; that this was done by Henry Schalansky and Edward Schalansky each agreeing to pay $75 to the tenant; that Henry Schalansky, not having the money to pay his $75, agreed with Edward Schalansky that the latter should pay the $75 for the former and receive credit for the same on the first coupon note; that it was agreed that a note which the tenant had given Henry Schalansky for pasture rent, amounting, interest and principal, to $95.71, should be delivered to Edward Schalansky; that this was not done and Edward Schalansky did not receive the money on the note; and that Edward Schalansky paid $99.29 to H. A. Royce of Kirwin, Kan., at whose office the interest coupons were to be paid. The total of these items was $270, the amount of the note sued on. From that evidence the jury determined that the note had been paid. The verdict was supported by the evidence.

The judgment is affirmed.