[Civ. No. 3734. First Appellate District, Division One.—May 3, 1921.]

ANGLO AMERICAN LAND COMPANY (a Corporation), Appellant, v. FREDERICK F. HEINE et al., Respondents.

[1] APPEAL—JUDGMENT—SUFFICIENCY OF EVIDENCE.—When there is evidence in the record which, if believed and accepted as true by the trial court, is sufficient to support its findings and judgment, the appellate court cannot disregard the lower court's decision and reverse the judgment on the ground of the insufficiency of the evidence, even though the appellate court may be of the opinion that the weight of the evidence is against the finding.

[2] PROMISSORY NOTE—PAYMENT—SUFFICIENCY OF EVIDENCE.—In this action to recover a deficiency after a sale of real property under a deed of trust given to secure a promissory note, the finding that the note was paid and discharged at the time of the conveyance of the property by defendants to plaintiff's assignor under an arrangement had at that time is supported by the evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Gerald C. Halsey and Frederic T. Leo for Appellant.

Walter H. Linforth for Respondents.

WASTE, P. J.—The plaintiff brought this action to recover from the defendants, husband and wife, the sum of six thousand dollars, alleged to be due as a deficiency after sale of real property under a deed of trust given to secure a promissory note. The trial court held that the note had been paid, satisfied, and discharged, and gave judgment for the defendants; from which the plaintiff appeals. Insufficiency of the evidence to support the above finding of the court, and errors in admitting evidence, are the grounds relied upon to secure a reversal of the judgment.

In presenting the question of the sufficiency or insufficiency of the evidence to support the court's finding that the promissory note, on which was based the right of the plaintiff to recover, had been paid, satisfied, and discharged on May 28, 1914, counsel for the respective parties have each presented a careful analysis of the testimony. These discussions only serve to emphasize what clearly appears from the record, that there is an irreconcilable conflict in the testimony of the two real parties to the action. It was the province of the trial court, under such circumstances, to accept the evidence of one or the other as true, and if satisfied therewith, to decide the issues in the light of such testimony. In doing so it was proper for the court to indulge the legitimate inference and deduction arising from the testimony in arriving at a proper understanding of the facts it considered directly proved. (*Maxson* v. *Llewellyn,* 122 Cal. 195, 198, [54 Pac. 732].)

[1]   When there is evidence in the record which, if believed and accepted as true by the trial court, is sufficient to support its findings and judgment, the appellate court cannot disregard the lower court's decision and reverse the judgment on the ground of the insufficiency of the evidence. And this is so even though the appellate court may be of the opinion that the weight of the evidence is against the finding. (*Lewis* v. *Covillaud,* 21 Cal. 179, 190.) The motives which may have impelled the parties to tes-

tify as they did, the circumstance that certain lines of defense may have been drawn very late in the case, and the probability, or improbability, of the facts established, were matters for the consideration of the trial court and not for this court on appeal.

The relations between J. W. Wright, who the court found to be the real party plaintiff in the action, and the defendant, Frederick F. Heine, began in 1913, when Heine, through Wright acting as his agent, purchased an unimproved lot in the city of San Francisco. In dealing with the property and making arrangements for erecting a building thereon, Heine mortgaged the easterly half of the lot to one Murdoch for eighteen thousand dollars, and arranged with Wright to advance him certain additional sums of money, not exceeding six thousand dollars, as a building loan on the same property. He and his wife thereupon executed the promissory note which forms the basis of this suit for the sum of seven thousand five hundred dollars to the J. W. Wright and Sons Investment Company, and secured its payment by the execution and delivery of a deed of trust of the one-half of the real property. Heine erected a building on the half of the lot at a cost of thirty-one thousand dollars. In May, 1914, he gave to the J. W. Wright & Company, Inc., an option for the entire property, agreeing to sell it, free of all encumbrances, for fifty-six thousand dollars. Within the time limited Heine and wife executed a deed to Walter J. Rowley, a clerk, who seems to have been working indiscriminately for Wright and the two companies bearing his name.

On September 1, 1917, alleging that only five hundred dollars of the principal of the seven thousand five hundred dollar note had been paid, the substituted trustee under the deed of trust proceeded to sell the half of the property covered thereby to satisfy the indebtedness. At the trustee's sale, of which the defendants had no notice, Wright purchased the property for the sum of one thousand dollars, subject to the Murdoch mortgage, and received the trustee's deed therefor. After crediting this one thousand dollars upon the note, Wright caused the J. W. Wright and Sons Investment Company, ostensibly the holders of the obligation, to transfer the note to this plaintiff, and thereupon commenced this action to recover from plaintiff

six thousand dollars, alleged to be due by reason of the facts we have related.

[2]    Defendants base their defense to the action upon their contention that the note had been fully paid, satisfied, and discharged by Wright at the time of the agreement and transfer of the property by defendants to Rowley. Incidental to the main issue there arose a controversy as to the amount received on the note by the defendants from Wright. The contract under which the note was executed specified that notwithstanding the fact that the note was drawn for seven thousand five hundred dollars, no more than six thousand dollars should be advanced by J. W. Wright and Company. It was, and is, admitted that only two amounts, aggregating four thousand five hundred dollars in cash, were actually paid by Wright during the erection of the building. Wright and the plaintiff sought to maintain in the court below that in addition to the four thousand five hundred dollars cash advanced, Heine was indebted to Wright at the time of the execution of the note on another promissory note for two thousand five hundred dollars, which was included in the new obligation, which increased Heine's indebtedness to seven thousand dollars. Heine unequivocally denied the execution or the existence of any such note, and Wright was unable to produce it. The plaintiff further alleges that prior to the commencement of the present action defendants had paid the sum of five hundred dollars on account of the principal of the seven thousand five hundred dollar note. This allegation was positively denied and the court found that it was not true. On the issue thus presented the trial court found that at no time was there ever more than four thousand five hundred dollars due, owing and unpaid on the note secured by the deed of trust.

On the main issue raised by defendants' contention that their obligation to J. W. Wright and Sons was actually paid and discharged at the time of the transfer of the property to Rowley, and as a part of that transaction, the testimony was equally conflicting. By the terms of the three-day option given to J. W. Wright & Company, Inc., by the defendant Heine, the latter engaged to sell the entire property, free of all encumbrances, for fifty-six thousand dollars, and agreed to pay Wright & Company, as their

compensation, all over that sum that might be obtained. As a matter of fact Wright bought the property at the price mentioned for one of his companies. Defendant Heine testified that it was agreed between Wright and himself, as a part of the transaction, that the seven thousand five hundred dollar note, executed by himself and wife, was to be paid off immediately, and that he was to be relieved of any future financial responsibility in reference to the encumbrances on the property, of which there were three, including the Wright deed of trust securing that note. While Wright strenuously denied that there was any such agreement, certain features of the transaction brought out by the evidence tend to support the defendant's contention and, no doubt, had the serious consideration of the trial court. When the deed passed from the defendants to Rowley under the agreement with Wright it contained a stipulation that the conveyance was "subject to an indebtedness of thirty-four thousand dollars." The indebtedness on the property at that time included the trust deed to Murdoch, eighteen thousand dollars; the trust deed to one Unna, nine thousand dollars, and the trust deed to Wright & Sons, now claimed by Wright to have amounted to seven thousand dollars at that time, the total aggregating thirty-four thousand dollars. The trial court found, however, that the defendants were only indebted to Wright, or to his companies, at that time in the sum of four thousand five hundred dollars. Taking the determination of the trial court in that regard, the aggregate indebtedness on the property was but thirty-one thousand five hundred dollars. This amount subtracted from the net selling price of fifty-six thousand dollars, leaves remaining twenty-four thousand five hundred dollars due to the defendants. The significant fact appears that that is the exact sum for which Wright & Company accounted to the defendants in closing and settling the transaction. We cannot but think this fact sheds much light upon the position of the parties, and tends strongly to corroborate the contention of the defendants, and to support the finding of the trial court to the effect that the note of the defendants was in fact paid and discharged.

Basing its argument on a portion of the testimony of defendant Frederick F. Heine to the effect that under his

agreement with Wright *he* was to be released from future financial responsibility on the various encumbrances, the appellant contends that such agreement, even though it were made, did not release the joint debtor, defendant Agnes Heine, the wife. But there is other testimony of the respondent to the effect that the agreement was that the amount due on the note "was to be paid off immediately by Mr. Wright." When that was done, as was found by the trial court, the obligation of both debtors was extinguished.

The deed from the defendants to Rowley recited that the property was conveyed subject to an indebtedness of thirty-four thousand dollars. Appellant contends that this aggregate amount was intended to include seven thousand dollars due from the defendants. It attempts to argue that the court was, therefore, in error in admitting evidence to the effect that only four thousand five hundred dollars was due as a matter of fact on the promissory note here sued on, asserting that such evidence tends to vary the terms of a written agreement, the deed. We do not think the contention merits consideration.

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.