### EISENBEIS v. CROCKER.

No. 13411—Opinion Filed March 4, 1924.

Rehearing Denied April 22, 1924.

1. **Mortgages—Liability of Vendee Assuming Debt—Failure of Title as Defense.**

In an action by the assignee to recover on a note, secured by a real estate mortgage, against the purchaser of the real estate, who by a clause in his deed, assumed and agreed to pay the mortgage indebtedness, and where there is a total failure of the title which the mortgagor attempted to convey, the purchaser may defend on the ground of a failure of consideration of the covenant of assumption of the indebtedness.

2. **Appeal and Error — Discretionary Rulings—Motion for New Trial.**

A motion for a new trial, on the ground of newly discovered evidence, is addressed to the sound discretion of the trial court, and. unless it is clearly shown that such discretion was abused. the ruling thereon will not be disturbed.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by William F. Eisenbeis against Samuel Crocker. Judgment for the defendant and plaintiff brings error. Affirmed.

Wm. MacRae and Gasper Edwards, for plaintiff in error.

C. A. Paul and George E. Swisher, for defendant in error.

Opinion by JARMAN, C. This is an action by the plaintiff to recover from the defendant on a promissory note, which the plaintiff alleges the defendant assumed and agreed to pay. Said cause was tried to a jury, resulting in a verdict in favor of the defendant, on which judgment was rendered and the plaintiff brings error.

On December 22, 1916, Henry Carpenter executed and delivered a note in the principal sum of $500 to W. T. Manley, due and payable on January 1, 1919, and, at the same time, executed a mortgage on lands located in Boone county, Ark., to secure said note. After executing said note and mortgage, Carpenter, on the same date, December 22, 1916, executed and delivered to the defendant, Samuel Crocker, a warranty deed to said lands and said deed contained a clause reciting that Crocker, as a part of the consideration therefor, assumed and agreed to pay the mortgage indebtedness of $500. On May 12, 1917, Manley indorsed and assigned said note and mortgage to the plaintiff, W. F. Eisenbeis.

It is alleged by the plaintiff that, prior to purchasing said note and mortgage, he made inquiry of the defendant, Crocker, as to the status thereof, and that Crocker advised the plaintiff that the note and mortgage were good, and that the mortgaged premises,

to which Crocker held a deed, were worth about $1,500, and that he, Crocker, had assumed the payment of the note and mortgage as a part of the consideration for said deed, and that the same would be paid by him; and the plaintiff alleges that on the strength of these representations, he purchased said note and mortgage from Manley.

The defendant, Crocker, for answer, admits that he purchased said property and that he assumed the payment of the mortgage indebtedness, but upon the condition that the title to the property was valid, and alleged that Carpenter never had any title to said property, and, at the time the deed was executed by Carpenter, said property was owned by Harry Mathews, in whom the district court of Boone county, Ark., had quieted title to said property, and that, therefore, the consideration for the assumption of said note and mortgage had totally failed, and the agreement to pay said indebtedness was procured by fraud. The defendant denies that the plaintiff talked to him about the status of the note and mortgage prior to the time the plaintiff purchased the same, and alleges that the plaintiff did talk to him concerning the matter after the plaintiff had purchased said note and mortgage, but that he at no time agreed with the plaintiff to pay said note and mortgage unless the title of the property was valid. Immediately after procuring the deed, the defendant forwarded the same to be recorded in Boone county, Ark., and in a few days the defendant was advised, by the proper authorities of Boone county, that the records showed that Carpenter did not have any title to said land, and the defendant alleges that he immediately advised the plaintiff to that effect, and that both the plaintiff and the defendant then sought to get in touch with Carpenter and Manley but were never able to do so. This action was filed on January 29, 1921, over two years after the note in question matured. At the conclusion of all the evidence, the plaintiff moved the court for an instructed verdict, and, after the jury had returned a verdict in favor of the defendant, the plaintiff filed a motion for judgment notwithstanding the verdict. The plaintiff contends that the court erred in denying these motions, and the ruling of the court thereon is assigned as error for reversal of this cause. The plaintiff contends that all of the evidence shows him to be an innocent purchaser for value before maturity of said note and that, therefore, the defense interposed by the defendant of failure of consideration and of fraud, could not be urged against him.

The plaintiff cites many authorities to the effect that the maker of a note cannot plead fraud and the failure of consideration as against the assignee of a negotiable promissory note, who is an innocent purchaser for value before maturity thereof. This action is not governed by the law of negotiable instruments. The defendant is not the maker of the note sued on and is not a party to that transaction. The only way that he could be liable for the note is by reason of the collateral agreement to pay said note; the sole consideration for this promise was that Carpenter should convey to him a good title to the land purchased, and since the consideration has failed, the promise to pay said indebtedness was a mere nudum pactum. This question has been before this court in a number of cases and in the case of Cushing v. Cummings, 72 Oklahoma, 179 Pac. 762, in discussing a similar state of facts, the court announced the following rule, which is controlling in this case:

"In an action by the assignee of a promissory note to foreclose a mortgage on real estate, and for money judgment on his covenant of assumption against a purchaser thereof (whose deed, according to the pleadings, provided for 'a good title'), where it is made to appear that, in a former suit by the rightful owner in which the original mortgagee and payee of the note (prior to assignment) and the purchaser were defendants, the deed of the purchaser and the mortgage were, by a valid decree therein rendered, canceled and removed as clouds on the title of the owner, there being a total failure of title in the purchaser, and of consideration for the covenant of assumption, no recovery thereon will lie."

In the body of the opinion of the case of Cushing v. Cummings, supra, the court uses the following language:

"A purchaser of mortgaged premises, who undertakes by the terms of his conveyance to pay an outstanding mortgage thereon, is not under all circumstances bound to do so. He may not, while in possession, or where there is no eviction, actual or constructive, defend on the ground of a failure of consideration, nor has he a complete defense where the failure of consideration is but partial. Where, however, a mortgagor of land undertakes to convey a good and sufficient title, subject to the mortgage, and there is a total failure of such title, the purchaser may plead a failure of consideration, and defend against a recovery on the note in an action

by the mortgagee on the covenant of assumption."

The record shows that Crocker was never in possession of the mortgaged premises and there was a total failure of the title and this case, therefore, falls clearly within the rule announced above.

The plaintiff next complains of instructions numbered four and five given by the court. The objection raised to these instructions is that they eliminated the question of innocent purchaser from the case. This question has been disposed of in this opinion in discussing the first assignment of error. No prejudicial error resulted by the giving of said instructions.

The plaintiff contends that the court erred in denying his motion for a new trial, based upon newly discovered evidence. The record does not show that any subpoenas were issued for the witnesses who would testify to the additional state of facts, and no diligence is shown in procuring their attendance at the trial. The trial of this case was had on September 7, 1921, and in nine days thereafter the plaintiff filed a motion for a new trial on the grounds of newly discovered evidence. Within nine days after the trial was had, the plaintiff located two additional witnesses and learned of this new state of facts, but had not been able to locate these witnesses and learn this additional state of facts for a period of over two years after the note became due and prior to the trial of the cause in the lower court. We do not think the trial court abused its discretion in denying said motion for a new trial.

The judgment of the lower court is affirmed.

By the Court: It is so ordered.