## NIAGARA FIRE INS. CO. v. FLOWERS.

No. 17445.   Opinion Filed Aug. 2, 1927.

Rehearing Denied Oct. 11, 1927.

(Syllabus.)

1. **Appeal and Error—Harmless Error—Refusal of Court to Strike Surplusage from Pleading.**

A refusal of the trial court to sustain a motion to strike out parts of a pleading which are surplusage, or which consist of immaterial or of evidential facts, is harmless error, unless it appears that the matters which the court refused to strike out materially and prejudicially affect the interest of him who complains of the action of the court.

2. **Evidence—Parol Evidence Inadmissible to Vary Terms of Assignment of Fire Insurance Policy—Admissible to Show Assignment not Unconditional.**

Oral testimony is not competent to change or vary the terms of a written assignment of a fire insurance policy, or the loss payable thereunder, but may be introduced to show that by an agreement of the parties at the time of its execution, such assignment was not an absolute and unconditional assignment, but was made for the purpose of expediting the collecting of the loss under such policy, and for a purpose different from that asserted by the defendant.

3. **Appeal and Error—Questions of Fact—Conclusiveness of Findings in Law Case.**

In a law case, where there is any competent evidence reasonably tending to support the verdict of the jury, decision, or judgment of the court, the same will not be disturbed by this court on appeal.

Commissioners' Opinion, Division No. 1.

Error from District Court, Bryan County; Porter Newman, Judge.

Action by E. M. Flowers against the Niagara Fire Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Utterback & Stinson, for plaintiff in error.

Phillips & Phillips, for defendant in error.

LEACH, C.  On December 15, 1924, E. M.

Flowers filed his petition in the district court of Bryan county, against the Niagara Fire Insurance Company, alleging that on May 31, 1924, defendant, an insurance company, by and through its local agent, H. D. Pierson, and its state agent, made settlement with and agreed to promptly pay plaintiff the sum of $750 in settlement of a claim of plaintiff on loss under a policy of insurance issued by defendant to plaintiff, and accepted proof of loss for said sum; that it was agreed between the parties that out of the sum of $750 there should be paid to Pierson, local agent of the company, the sum of $332 due and owing by plaintiff to said local agent, and that the balance of $418 would be promptly remitted to plaintiff; that such arrangement was made at the request of defendant and its agent; that said agreement was oral except that, in order to permit defendant corporation to allow Pierson, local agent. credit for the said sum of $332, plaintiff was asked to sign an assignment of the policy to Pierson, which he did, in order that the said Pierson might obtain credit for said amount; that it was fully understood and agreed that the state agent for the company would upon his return to his office forward check to plaintiff for the sum of $418, and plaintiff prayed judgment for said sum.

Thereafter, upon motion of defendant and order of court to make his petition more definite and certain, plaintiff filed an amendment to his petition, alleging therein that he was unable to attach to his petition copy of the insurance policy, proof of loss, or the assignment, for the reason the same were delivered to and in possession of the defendant; and further set out and alleged in paragraph 5 of his amendment that he trusted in the local agent of the company; that he, plaintiff, was barely able to read and write. and upon the representations of the agents of the company that it would expedite the payment of his claim, he signed what he understood to be a partial assignment, or order, to the company, to deduct $332 from the sum due him, and the said Pierson, local agent, assigned the same to the defendant company to be credited by it to Pierson's account; and further alleged and referred to a certain suit or action pending between the defendant company and its local agent, Pierson, alleging that in such suit the company had not given the local agent any credit for the sum of $332; and further alleged and referred to certain correspondence between the plaintiff and defendant respecting the sum sought to be recovered.

To the amended portion and part of plaintiff's petition, defendant filed its motion to strike all that portion, and part of the amendment beginning with paragraph 5, and after the statement and allegations that plaintiff was unable to attach certain copies upon the ground that such allegations were redundant, irrelevant, incompetent, and attempting to plead evidence, stating conclusions and hearsay, and tending to becloud the issues, which motion on the part of defendant was overruled; and thereupon a demurrer was filed by defendant setting up practically the same matters and things as contained in its motion, which demurrer was by the court overruled. Thereupon, defendant company filed its answer, a general denial. Upon the issues joined a trial was had, and and a verdict rendered in favor of plaintiff, and judgment entered in accordance therewith, from which judgment defendant appeals.

The parties will be referred to in this court as they appeared below.

The first specification of error urged for a reversal is error of the trial court in overruling defendant's motion to strike and demurrer to amended petition, and cites section 298, C. O. S. 1921, which is in part as follows:

"If redundant or irrelevant matter be inserted in any pleading, it may be stricken out, on motion of the party prejudiced thereby * * *"

—and urges that the court should have, either under the motion or demurrer of defendant, stricken that certain part of plaintiff's amended petition hereinbefore referred to, in that its retention was highly prejudicial to defendant, in that it crystalized sentiment of the jury against the defendant, so that they could not render an impartial decision.

We are unable to see where the failure to strike that portion and part of the petition complained of was prejudicial or harmful to the defendant. It asserts it did, but does not point out in what manner or how. The pleadings are no part of the evidence, and the record does not disclose where such pleading was ever before the jury, or in any manner considered by them. Assuming that a portion or part of the amendment was surplusage, pleading evidential facts, we are unable to determine or see, as is urged by defendant, that defendant was prejudiced or materially affected by the ruling of the court.

In the case of Terrapin v. Barker, 26 Okla.

**93**, 109 Pac. 931, the fourth paragraph of the syllabus is as follows:

"A refusal of the trial court to sustain a motion to strike out parts of a pleading which are surplusage, or which consists of immaterial averments or of evidential facts, is harmless error, unless it appears that the matters which the court refused to strike out materially and prejudicially affected the interest of him who complains of the action of the court."

See, also, Railway Co. v. Marks, 11 Okla. 82, 65 Pac. 996; Hudleson v. Bank, 56 Neb. 247, 76 N. W. 570; Runkle v. Ins. Co., 99 Iowa, 414, 68 N. W. 712.

The second specification for grounds for reversal, argued by plaintiff in error, is that the trial court erred in admitting incompetent evidence, and complains of the admission of plaintiff's evidence showing the conditions under which, and for what purpose, he executed an assignment of his interest under the policy of insurance issued by defendant company, and complains that the admission of such testimony had the effect of varying and contradicting the terms of a written instrument, and cites a number of authorities in support of such argument.

Plaintiff's testimony and evidence was to the effect that an agreement and settlement was made between him, the plaintiff, and the agent of defendant company, as to the amount to be paid the plaintiff under the policy for the loss suffered, and the policy of insurance was surrendered to the defendant and proof of loss accepted; that sometime after such agreement, the local agent of the defendant company represented to the plaintiff that in order to expedite the payment of the loss and sums agreed upon, and in order that the defendant company might deduct a certain sum due and owing by the plaintiff to the local agent of the company, it would be necessary to execute a written assignment of the policy, and the sum due thereunder, to such local agent, it being agreed and understood that the sum of $332 under such assignment would be paid the local agent of the company, and the sum of $418, balance of amount of loss agreed upon, would be paid to the plaintiff.

We think, under the pleadings of the plaintiff and the evidence, that the plaintiff had the right to introduce the evidence complained of. It does not appear that plaintiff sought to vary, contradict, or deny the execution of the assignment. We think the rule under which such evidence is admissible is well stated as follows:

"The objection to parol evidence does not apply where it is offered, not for the purpose of contradicting or varying the effect of a written contract or admitted authority, but to disprove the legal existence or rebut the operation of the instrument, and in order to determine the validity of the writing, the true character of the transaction may always be shown." 17 Cyc. sec. 18, p. 694.

"The existence of a contemporaneous parol agreement between the parties under the influence of which a note or contract has been signed, which is violated as soon as it has accomplished its purpose in securing the execution of the paper, may always be shown when the enforcement of the paper is attempted. It is a plain fraud to secure the execution of an instrument by representations differing in important particulars from those contained in the paper, and, after the paper has been signed, attempt to compel literal compliance with its terms, regardless of the contemporaneous agreement without which it would never have been signed at all." R. C. L. vol. 10, sec. 253, p. 1059.

"Oral testimony is not competent to change or vary the terms of a written instrument, but may be introduced to show that by an agreement of the parties at the time of its execution, such instrument was executed by one and accepted by the other of the parties thereto for a purpose wholly different from that alleged in the petition." Humphrey v. Timken Carriage Co., 12 Okla. 413, 75 Pac. 528.

In the case of Rex Petroleum Co. v. Black Panther Oil & Gas Co. et al., 66 Okla. 7, 166 Pac. 1083, the plaintiff declared upon an oral contract by the terms of which it claims the defendants were due the sum of $1,000 for the sale of oil, and attached to its petition a complete contract made between plaintiff and defendants, wherein defendants warranted plaintiff a quantity of oil, and alleged that such written contract embodied the terms and conditions which defendants desired to be kept and observed in the sale of the oil, and alleged that it was understood, at the time the written contract was executed, that the same was to be used merely in closing a deal with a prospective purchaser by assignment. The defendants demurred to plaintiff's petition as seeking to recover upon an oral agreement which sought to vary the terms of a written contract. It was held:

"Where an oral contract is sued upon, and a written contract is attached to the petition as an exhibit, which the plaintiff alleges was made and entered into as part of the oral contract, and for the purpose of carrying out the oral contract, and no other, held, that such petition is not subject to

demurrer on the ground that the oral contract declared upon attempts to vary the terms of a written contract."

"The rule that a written contract cannot be altered, changed, or terms varied, in the absence of allegations and proof of mistake, fraud, or failure of consideration, by parol proof, does not apply invariably and without exceptions, and one of those exceptions is that, where a transaction is entered into between parties, the terms of which are yet to be carried out, in other words, are executory, as future covenants and promises, some of the provisions of which are verbal and some one or more are in writing, the above rule as to the varying the terms of a contract does not apply, and the parol terms and provisions of said contracts may be proved. And this is upon the theory that the main transaction rests in parol and the written portion being an incident connected with the main transaction." Edwards v. City National Bank of McAlester, 83 Okla. 204, 201 Pac. 233.

"The rule which excludes parol evidence when offered to contradict or vary the terms, provisions, or legal effect of written instruments has no application to collateral undertakings, or cases in which the written instrument was executed in part performance of an entire oral agreement." City National Bank of McAlester v. Edwards, 100 Okla. 202, 229 Pac. 487.

Similar holdings by this court will be found in the following: Smith & Co. v. Thesmann, 20 Okla. 133, 93 Pac. 977; Colonial Jewelry Co. v. Brown, 38 Okla. 44, 131 Pac. 1077; Gamble v. Riley, 39 Okla. 363, 135 Pac. 390; Mackin v. Darrow Music Co. et al., 69 Okla. 1, 169 Pac. 497; Bank of Commerce v. Webster, 70 Okla. 68, 172 Pac. 943; Hartley v. Riley, 85 Okla. 101, 204 Pac. 920; Motor Co. v. Funk, 117 Okla. 97, 245 Pac. 571.

"An assignment of a policy of insurance against loss by fire may be proved by parol evidence to have been given and accepted as collateral security for a debt from the assignor to the assignee. * * * Merrill v. Colonial Mutual Fire Ins. Co., 169 Mass. 10, 61 A. S. R. 268.

"It is not infrequently the case that an assignment to a creditor as collateral security for a debt is, upon its face, an absolute transfer. In such case, it is well established parol evidence is admissible to prove the real intent of the parties and the transaction may be shown to have been a transfer of security and not a sale to the creditor." Clarke v. Fast, 128 Cal. 422, 61 Pac. 72; Price v. Bank, 62 Kan. 743, 64 Pac. 639; Dixon v. Life Ins. Co., 168 Mass 48, 46 N. E. 430; Chamberlain v. Butler, 61 Neb. 730, 87 A. S. R. 478; Rice v. Rice (Kan.) 165 Pac. 799.

Plaintiff in error complains of the admission of its petition filed against its local agent in another and different action. We see no reason why the petition would not be admissible for the purpose for which it was admitted. that is, to prove the agency of H. D. Pierson. The plaintiff alleged and introduced evidence to show that the said Pierson was the agent of the defendant company, and the defendant introduced oral testimony to show that the said Pierson was not its agent at the time in question. The petition admitted in evidence recited and contained the allegation that the said Pierson was the agent of the defendant company at the time in question, and such petition was verified under oath by an officer of defendant company.

The third and last proposition presented by defendant is, that the verdict of the jury is not sustained by the evidence and is contrary to law. and says the evidence disclosed that H. D. Pierson was not the agent of the Niagara Fire Insurance Company at the time the assignments involved were made; that plaintiff, Flowers, made an absolute assignment of his interest to Pierson without any conditions or limitations whatsoever. The said H. D. Pierson, who was called as a witness on behalf of the defendant. testified on cross-examination that he was an agent of the defendant company at the time the assignments in question were made to him. The verified petition of the defendant was introduced in evidence, and alleged that he, Pierson, was an agent of the company at the time in question, and we think from all the evidence that the jury was justified in finding the said Pierson to be the agent of the company.

We think the evidence clearly shows that the assignment made by plaintiff was a conditional one, and made for the purpose of collecting the insurance, and was not an absolute assignment for value. The evidence of the witness Pierson, we think, corroborates that of the plaintiff on that point. True, on direct examination, or under examination by attorneys for the defendant, his evidence was that he purchased the assignment. and gave his note for the sum of $418, but upon cross-examination he admitted that the note was never accepted by the plaintiff, and was never taken from his office; that it was agreed and understood that he would pay the plaintiff from the proceeds of the policy the sum of $418. The defendant company evidently never relied on such assignment, in that it never credited the local agent, Pierson. with any sum under such assignment. The check or draft in payment of the

loss under the policy was made payable to the plaintiff, and to its agents, including Pierson, and we think that the evidence shows that the assignment by the plaintiff to the agent, Pierson, was made without any consideration as to the sum of $418, and that it was made for the specific purpose of expediting the payment and collection of the sum and amount justly due the plaintiff, and to enable the defendant company to credit the account of its local agent with the sum of $332. The cause was fairly submitted under instructions upon the theories of both p'aintiff and defendant, and the verdict of the jury, we think. is amply supported by the evidence.

We therefore conclude that the judgment of the lower court should be and is hereby affirmed.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 941, §2914. (2) 26 C. J. pp. 522, 523, §734 (Anno). (3) 4 C. J. pp.853,854. §2834; p.879 §2853; 2 R. C. L. p. 224; 1 R. C. L. Supp. p.444; 4 R. C. L. Supp. p. 92; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 73.