## MARTIN v. CLEM.

No. 19338. Opinion Filed Sept. 24, 1929.

J. C. Cornett, for plaintiff in error.

Frank T. McCoy and John T. Craig, for defendant in error.

RILEY, J. Plaintiff in error, Martin, appeals from a judgment rendered against him below and in favor of defendant in error, Clem.

The cause arose in equity; both parties agreed the cause should be tried to the court as an equitable action. Plaintiff below prayed for an accounting under allegations that for the purpose of facilitating a sale of an oil and gas lease he had assigned a two-fifths interest in a certain lease in Seminole county to defendant below, with the understanding that plaintiff was entitled to share in the proceeds of the sale pro rata. There is no dispute but that the assignment was made on December 19, 1925, and that on December 22, 1925, defendant, Martin, negotiated a sale of the lease to V. L. Kiker for a consideration of $5,000 cash and $7,000 to be paid in oil runs, if any. The testimony developed under allegations of defendant's answer that the recited consideration of the assignment from Clem to Martin was "one dollar and other good and valuable considerations." The testimony also showed that plaintiff and defendant had agreed to the assignment under a stipulation for a future sale of the entire lease, in which both parties were interested, at a minimum consideration of $50 an acre to be shared pro rata, and that defendant, Martin, told plaintiff, Clem, that a flaw was found in the title and the purchaser would pay only $20 an acre for the lease, and that defendant settled with plaintiff for his pro rata share at a rate of $20 per acre, whereas defendant had secured at least $50 per acre, for the lease jointly owned. It was defendant's theory that he had purchased plaintiff's share in the lease outright for the consideration of $1,541, and that the transaction was not in the nature of a joint adventure. It was established that defendant assigned plaintiff a proportionate share in the $7,000, to be paid in oil runs received from the sale of the lease. That consideration proved worthless. There was joined a second cause of action involv-ing the interest in the lease of one Gorda Hammer, assigned to plaintiff.

Upon consideration of the conflicting testimony the trial court found that plaintiff was entitled to recover upon the basis of his pro rata share of the consideration actually received by defendant in the sale of the lease in controversy.

On appeal it is urged that the trial court erred in overruling demurrer to the evidence adduced by plaintiff. To substantiate that contention it is contended plaintiff failed to establish a fiduciary relation either by plea or proof.

We find, however, that plaintiff alleged a joint ownership of the lease in question and a transfer of legal title of the same to defendant, Martin, for the purpose of negotiating a sale. That was sufficient.

"An express averment is not necessary if the facts constituting agency are set forth." 2 C. J. 905.

Allegations sufficient to plead agency were recognized by defendant in his answer, for in par. 7 he pleaded:

"Said defendant * * * denies that said assignment was made for the purpose of enabling the defendant to negotiate a sale of said lease as agent for said parties."

From a review of the evidence we find the allegation of agency supported.

Since agency was established in the joint adventure which terminated in the sale of the lease, we are bound to hold the relation was fiduciary in character. The utmost good faith was required of all parties acting therein. Perry v. Morrison, 118 Okla. 212, 247 Pac. 1004; Dike v. Martin, 85 Okla. 103, 204 Pac. 1106; Cassidy v. Gould, 86 Okla. 217, 208 Pac. 780; Cassidy v. Horner, 86 Okla. 220, 208 Pac. 775; Rose v. F. N. Bk. of Stigler, 93 Okla. 120, 219, Pac. 715; Helm v. Meckleson, 66 Okla. 290, 170 Pac. 704; Florence v. Thompson, 92 Okla. 156, 218 Pac. 800; 33 C. J. 859.

We find no error in the trial court's action in overruling defendant's demurrer to plaintiff's evidence.

It is next contended that error was committed in the admission of parol evidence showing the purpose of the assignment of the lease to Martin, for the reason that same tended to vary the terms of a written instrument, the assignment itself. Unquestionably plaintiff in error states the general rule as expressed by statute, section 5035, C. O. S. 1921, to the effect that the execution of a contract in writing supersedes all

oral negotiations, and that such a contract may not be altered by parol evidence. However, there are instances where the rule does not apply, and one of them is presented here.

"The objection of parol evidence does not apply where it is offered not for the purpose of contradicting or varying the effect of a written contract or admitted authority, but to disprove the legal existence or rebut the operation of the instrument, and in order to determine the validity of the writing the true character of the transaction may always be shown." 17 Cyc. 694; Niagara Fire Ins. Co. v. Flowers, 127 Okla. 137, 259 Pac. 840.

The rule is also stated in 10 R. C. L. 1059, and in Humphrey v. Timken Co., 12 Okla. 413, 75 Pac. 528; Rex. Pet. Co. v. Black Panther Oil & Gas Co., 66 Okla. 7, 166 Pac. 1082; Edwards v. C. N. Bk. of McAlester, 83 Okla. 204, 201 Pac. 233, and other cases too numerous to cite.

We hold the evidence to which objection was made clearly competent under authority of the cases cited.

It is next contended that reversible error occurred because the court found for plaintiff on a legal cause of action, whereas the cause pleaded was in equity. There is no objection to the court's finding that "counsel for both parties announce that according to the pleadings said cause is a suit in equity and should be tried to the court as such."

We hold this to be a case in equity under the theory accepted by the trial court, that an accounting may be had in equity where funds or property are jointly owned and one party refuses to account to the other for his share thereof. I. C. J. 624, par. 75; Christian v. Smith, 105 Fed. 466; Williams v. Thweatt, 73 Ark. 36, 83 S. W. 331; Earle v. Myers, 207 U. S. 244, 28 S. Ct. 86, 52 L. Ed. 191. Affirmed.

MASON, C. J., and CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur. LESTER, V. C. J., and ANDREWS, J., absent, not participating.