**REVIERE v. PAYNE, Adm'r.**

No. 22338.   Nov. 7, 1933.

S. H. Singleton, Sandlin & Winans, J. H. Long, and Stevens & Cline, for plaintiff in error.

Paul E. Sullivan, for defendant in error.

McNEILL, J.   This is an appeal from the judgment of the district court of Stephens county.   The parties will be referred to as they appeared in the trial court.

Plaintiff filed an action against W. W. Payne to recover on a promissory note and for foreclosure of mortgage covering real estate in the city of Duncan.   Subsequent to the filing of the petition, and prior to the filing of the answer, said defendant, W. W. Payne, died, and Joe R. Payne was duly appointed administrator of the estate of said W. W. Payne, deceased.   It appears that the petition, in addition to the usual allegations for judgment on the note and foreclosure of said mortgage, contained allegations that said defendant was about to

dispose of premises covered by said mortgage unless restrained from so doing.

It was contended on behalf of the administrator of said estate of said decedent that plaintiff's purpose in instituting the action was not to obtain judgment on the note in the sum of $21,684.03, with interest, attorney's fees, costs of foreclosure of mortgage and sale of mortgaged premises; but that the real purpose was to restrain the decedent from leasing any of the land in which he owned an equity for oil and gas purposes and to handicap him in the use and operation of the same by casting a cloud upon the title of all the premises of said decedent and to coerce and force the said decedent to make a settlement; and that the filing and prosecution of such an action would embarrass decedent in such a way that he would not be able to carry on his business as a ranchman and stockman in connection with his land and thereby his credit would be handicapped. These matters, however, seem to have been eliminated from the petition by the action of the trial court. The trial of the cause was had before a jury, whereby the jury rendered a verdict in favor of the defendent. In addition to the verdict, the court submitted to said jury the following interrogatory:

"Interrogatory No. 1.

"Did the decedent, W. W. Payne, execute a deed reconveying the premises involved in this suit to the plaintiff, C. H. Reviere, and did the said Charles H. Reviere accept said deed in full settlement of the indebtedness sued on herein?"

This was answered by the jury in the affirmative. Plaintiff, failing to have his motion for new trial sustained, has appealed to this court, and presents the following propositions:

"1. That the court erred in refusing to sustain the demurrer of the plaintiff to the evidence of the defendant.

"2. That the court erred in refusing to admit competent, relevant and material testimony.

"(a)  And especially that part of the evidence offered regarding the money obtained from Mrs. Dick, shown on page 98 of the record.

"(b)  The testimony of Viola Payne offered and shown on pages 108 and 109 of the record.

"3. The court erred in refusing to give the plaintiff's requested instruction No. 1, shown on page 175 of the record.

"4. That the court erred in overruling the motion of the plaintiff in error for a new trial.

"5. That the court erred in rendering judgment in said cause in favor of the defendant.

"6. That the answer of the defendant is wholly insufficient to sustain the judgment."

It was pleaded and contended by the defendant that a settlement and payment of all indebtedness which ever existed between the parties was made by reconveying the property to the plaintiff, and that the plaintiff accepted such conveyance as full and complete payment of said indebtedness; that ten of said jurors answered the interrogatory in the affirmative.

No question seems to have arisen as to the incorrectness of any of the instructions. Defendant concedes that the burden of proof was upon him to show by preponderance of the evidence that payment had been made, and contends that, under the authorities, payment can be made by deed conveying property as well as by the payment of money, and that such were the facts in the instant case. Defendant also urges that where there is any evidence to sustain the verdict of the jury and the judgment of the court, this court will not disturb the same. Defendant insists that the evidence was ample to sustain the general verdict found by the jury, the special interrogatory submitted to it, and that the same is amply sufficient to sustain a judgment of the trial court.

In this case plaintiff was in possession of the note sued upon, and the mortgage, securing the same, shows upon its face to have been recorded. There is no contention that there was any release of the mortgage of record. Possession and production of a note uncanceled and mortgage unreleased and unextinguished by payments is prima facie evidence that the holder is the owner and that the note is unpaid.

The burden of proving the defense of payment and settlement as pleaded in the answer of defendant was properly placed upon the defendant by the instructions of the court. The sufficiency of the answer was not challenged by the plaintiff, and the trial was had upon the issues joined by the pleadings in reference to the suit on the note and foreclosure of the mortgage and the defense of payment alleged in said answer. This was a law case tried by a court and jury. The verdict of the jury and judgment of the trial court thereon rendered will not be disturbed on appeal where there is any evi-

dence in the record reasonably tending to support said judgment. Spring v. Major, 126 Okla. 150, 259 P. 125; Perry v. Myers, 127 Okla. 27, 259 P. 556; Niagara Fire Ins. Co. v. Flowers, 127 Okla. 137, 259 P. 840; Ponca City Milling Co. v. Krow, 131 Okla. 98, 267 P. 629; Garner v. Riddle, 140 Okla. 70, 282 P. 319.

The jury also by a special interrogatory submitted to it found that the decedent, W. W. Payne, executed a deed reconveying the premises involved herein to plaintiff, and that plaintiff accepted said deed in full settlement of the indebtedness sued on herein. If such transaction was an established fact, then the mortgage which was given to secure the note sued on in this action was merged in the deed executed by said decedent in the reconveyance of the premises in question to plaintiff. Bond v. Marr, and Fisher v. Marr, 98 Wash. 177, 167 P. 132. Where there is clear conflict of evidence in an action to recover on a note and to foreclose a mortgage given in security thereof, and the defense of payment is interposed, the verdict and judgment in favor of the defendant will not be disturbed on the ground that the verdict and judgment are not supported by the evidence; provided there is evidence reasonably tending to prove said defense. Schalansky v. Schalansky (Kan.) 189 P. 367; Anglo-American Land Co. v. Heine (Cal. App.) 198 P. 1009. A review of the record shows that there is substantial evidence to sustain the findings of fact found by the jury in answer to the interrogatory submitted to it, the verdict of the jury, and the judgment of the court thereon.

In the case of Anglo-American Land Co. v. Heine, supra, the District Court of Appeals, First District of California, said:

"When there is evidence in the record which, if believed and accepted as true by the trial court, is sufficient to support its findings and judgment, the appellate court cannot disregard the lower court's decision and reverse the judgment on the ground of the insufficiency of the evidence. And this is so even though the appellate court may be of the opinion that the weight of the evidence is against the finding. Lewis v. Covillaud, 21 Cal. 179, 190. The motives which may have impelled the parties to testify as they did, the circumstances that certain lines of defense may have been drawn very late in the case, and probability, or improbability, of the facts established were matters for the consideration of the trial court and not for this court on appeal."

In the oral argument presented to this court, plaintiff in error stressed as error refusal of the trial court to grant a new trial on the ground of newly discovered evidence. A motion for a new trial on account of newly discovered evidence is addressed to the sound discretion of the trial court. In the absence of abuse of such discretion, its action thereon will not be disturbed by this court. Lamb v. Alexander, 83 Okla. 292, 201 P. 519; Eisenbeis v. Crocker, 99 Okla. 30, 225 P. 510; Schaap v. Williams, 99 Okla. 21, 225 P. 910; Lind v. Harding, 103 Okla. 265, 229 P. 821; Cook v. Harjo, 118 Okla. 291, 248 P. 651; Smith v. Garis, 125 Okla. 106, 256 P. 753; Seidenbach v. Oliver, 146 Okla. 34, 293 P. 220.

In the case of Summers v. Williams, 128 Okla. 9, 260 P. 1064, we have announced the following requisites essential to granting a new trial upon the sole ground of newly discovered evidence, holding that such evidence (1) must be such as will probably change the result if a new trial be granted; (2) must have been discovered since the trial; (3) must be such as could not have been discovered before the trial by the exercise of due diligence; (4) must be material to the issue; (5) must not be merely cumulative to the former evidence; (6) must not be to merely impeach or contradict the former evidence.

Under the rules announced in Summers v. Williams, supra, we conclude that the trial court did not err in refusing to grant a new trial on the ground of newly discovered evidence.

No objections were made as to the correctness of any instructions submitted to the jury. The evidence is conflicting, and the jury, upon instructions fairly stating the applicable law submitted to it, found the issues in favor of defendant.

We conclude that the determination of the facts submitted to the jury under such circumstances should not be disturbed on appeal to this court.

Judgment affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN, BAYLESS, and BUSBY, JJ., concur. WELCH. J., absent.