JAMES E. THOMPSON v. C. M. CADE AND W. R. KELLY.

(Filed September 2, 1904.)

1. PRACTICE—Evidence Offered—Record Must Affirmatively Show. Where the record discloses that a written instrument was offered in evidence on the trial of a cause and objected to at the time, and fails to affirmatively disclose that the instrument was admitted or read in evidence, this court cannot treat it as part of the evidence.

2. CASE MADE—Errors or Omissions in—Who Responsible for. It is not sufficient to say that a defect in the record is a mistake or error of the stenographer who prepared the record. The party making and presenting a case is chargeable with and responsible for all errors and omissions that the record may disclose.

(Syllabus by the Court.)

Vol. 14—22

*Error from the District Court of Blaine County; before James K. Beauchamp, Trial Judge.*

R. B. *Forrest* and *Lookabaugh Bros.* for plaintiff in error.

*Seymour Foose* for defendants in error.

Opinion of the court by

BURFORD, C. J.: The plaintiff in error, who was also plaintiff below, brought a suit in equity to compel the defendants, C. M. Cade and W. R. Kelly, to convey to him certain real estate in Watonga, Blaine county, Oklahoma. The theory of the plaintiff was that Cade was the owner of the lot in controversy; that he authorized one Lookabaugh as his agent to sell the lot—the agent made a written contract of sale to one Parker. Cade refused to execute the contract, and sold and conveyed the lot to W. H. Munger, who sold and conveyed to W. R. Kelly, the defendant in error. Parker assigned his contract and interest in the property to Thompson, who now seeks to enforce specific performance of the Parker contract against both Cade and Kelly. Cade answered under oath denying the execution of the contract of sale to Parker, and also denying the authority of Lookabaugh to enter into the contract. On the trial of the cause plaintiff introduced his evidence and rested, and the defendants then demurred to the evidence, and the court sustained the demurrer and rendered judgment against the plaintiff for costs. A motion for new trial was presented, overruled, and proper exceptions saved. The plaintiff appeals, and presents the record by case made.

The plaintiff relied for a recovery upon the written

agreement entered into by Lookabaugh, as agent for Cade, with Parker, the alleged purchaser. This contract being denied under oath, both as to its execution and authority of the agent to execute it, it became necessary to prove the same. The contract does not appear in the record as part of the evidence. The record shows that plaintiff in error offered the contract in evidence, and its introduction was objected to by the defendants upon the ground that no sufficient authority had been shown for the execution of the contract by the agent. The contract when offered was by the stenographer marked Exhibit "C," and the record is silent as to any further reference to Exhibit "C" or to this contract. There were two exhibits, "B" and "C" that were offered in evidence during the examination of the witness Lookabaugh, and the record contains this notation by the reporter. "The above exhibit 'B' is in evidence subject to the objection which will be ruled upon later." Exhibit "B" was a letter from Lookabaugh to Cade, which it was claimed contained the proposition to purchase the lot, which Cade accepted by an endorsement on the letter. Exhibit "C" was the written agreement entered into between Lookabaugh and Parker, and which was the basis of the suit. Counsel for plaintiff in error contends that the reporter made a mistake and caused the record to refer to Exhibit "B" when it should have been Exhibit "C," and that it was in fact Exhibit "C," the written contract of sale which was admitted in evidence subject to the objection to be ruled upon later. This contention may in fact be true, but neither the plaintiff in error nor this court is permitted to question the verity of the record. If there is an error, defect or omission in the record,

the place to correct it was before the trial judge, who approved and certified it. The record is conclusive on the parties, and this court will not question or attempt to correct it, Counsel for litigants should never submit a record to the judge to be finally certified until every word of it has been carefully read and corrected so as to make it speak the truth, and if they fail to do this, and errors or omissions do in fact get into the record, this court has no power to correct them, and no right to ignore them.

With this contract not in evidence, the plaintiff had no case, and there could be no error in sustaining the demurrer to the evidence.

The judgment of the district court of Blaine county is affirmed, at the cost of plaintiff in error.

Beauchamp, J., who presided in the court below, not sitting; all the other Justices concurring.