EVERTS v. TOWN OF BIXBY.

No. 915.     Opinion Filed July 13, 1909.

(103 Pac. 621.)

1.  ACTION—Appeal and Error—Prosecution for Violation of Ordi-
    nance—Nature of Proceeding—Record—Recital—Conclusiveness.
    A prosecution for the violation of an ordinance of an incorpor-
    ated town, under the laws in force in the Indian Territory prior
    to statehood, is a civil, and not a criminal, proceeding.

    1a.  The recital of the record on review in this court will control,
    over the statement of a motion on the part of the plaintiff in
    error, which was supported in the district court only by her
    affidavit.

2.  COURTS — Mayor's Court — Appeal— Dismissal— Grounds.   The
    affidavit for appeal appearing in the record never to have been
    sworn to before any officer, nor to have been filed in the mayor's
    court within the time required by law, held, that the district
    court on either ground would be justified in dismissing the ap-
    peal.

3.  COURTS—Mayor's Court—Appeal—Failure to Prosecute—Effect.
    The plaintiff in error, as appellant from the mayor's court to the
    district court, having failed to lodge the transcript in the district
    court by the first day of next term after the judgment was ren-
    dered in said mayor's court, further, said cause having been set
    for trial, the plaintiff in error having notice thereof, and it hav-
    ing been reached on due call of the docket for trial, the plaintiff
    in error not being present either in person or by attorney, held,
    that the district court was justifiable in reaching the conclusion
    that said plaintiff in error had failed to prosecute her appeal.

    3a.  The plaintiff in error having failed to prosecute her appeal,
    it was at the option of the defendant in error either to proceed
    to trial on the appeal, or have judgment rendered for the amount
    of the original judgment and costs in its favor.

4.  APPEAL AND ERROR—Discretion of Intermediate Court—Set-
    ting Aside Dismissal of Appeal.   A motion to set aside an order
    of the district court, dismissing an appeal on account of laches
    of the appellant, involves the exercise of a discretion by such
    court; and, where the record fails to affirmatively show an abuse
    thereof, the judgment of the lower court should not be disturbed.

    (Syllabus by the Court.)

*Error from the United States Court for the Western District of
Indian Territory at Tulsa; W. R. Lawrence, Judge.*

Mrs. W. M. Everts was fined in the mayor's court of the town of Bixby for violation of an ordinance, and prayed an appeal to the United States Court for the Western District of the Indian Territory. The appeal having been thereafter dismissed for want of prosecution, and the cause remanded to the mayor's court. Mrs. Everts moved to set aside such order, which motion was denied, and she brings error. Affirmed.

On the 12th day of June, 1907, the plaintiff in error, as plaintiff, filed in the United States court for the Western District of the Indian Territory at Tulsa a transcript from the mayor's court of the incorporated town of Bixby, Ind. T., showing the following proceedings in the mayor's court: Complaint filed April 15, 1907 charging violation of Ordinance No. 5, which required an occupation or license tax. On the same day a trial was had, and judgment rendered by fine against the defendant (plaintiff in error) in the sum of $24, and the further sum of $4.90 as costs. Defendant prayed an appeal to the district court, which was granted; said defendant entering into a bond conditioned as required by law, with J. F. Pautler and L. P. McGuire as sureties, which was filed and approved on April 15, 1907. On the same day she subscribed her name to an affidavit for appeal, but there does not appear to have been any jurat attached to said affidavit, or that it was indorsed as filed. On the 17th day of July, 1907, in the United States Court for the Western District of the Indian Territory at Tulsa, the case was called for trial, and the defendant did not appear. The plaintiff entered an appearance, and moved that the appeal be dismissed for want of prosecution, and that the cause be remanded to the mayor's court to carry out the judgment. Whereupon the court sustained said motion. On the 19th day of July, 1907, defendant filed a motion to set aside said order, on the ground (1) that said court had no other different, or greater, jurisdiction than the mayor of said incorporated town had when said case was pending before him; (2) that no complaint or affidavit charging defendant with having violated any

of the ordinances of said incorporated town was filed, as required by law; (3) that said action was a civil proceeding, and no summons was ever issued therein, and no appearance was made, etc; (4) that the mayor had no jurisdiction; (5) that the failure to appear did not authorize the court to dismiss the appeal for want of prosecutions, etc.; (6) that the nonappearance of the defendant did not amount to a failure to prosecute the appeal, etc.; (7) meritorious defense; (8) failure to appear was on account of unavoidable delay; and (9) failure to file transcript in apt time was waived. On July 23, 1907, said motion was overruled. No affidavits or proofs are shown to have been offered in support of said motion.

*Francis R. Brennan,* for plaintiff in error.
*Chas. R. Reuter,* for defendant in error.

WILLIAMS, J. (after stating the facts as above). The plaintiff in error makes five specifications of error, or assignments as to why the judgment of the lower court should be reversed; but we will consider them all together.

The first three contentions, made in support of said specifications, are to the effect that the action was a criminal prosecution, and that neither the said mayor's nor the district court had any jurisdiction. But that question is neither properly raised here, nor is it essential to the determination of this appeal to pass on same. However, the case of *Fortune v. Incorporated Town of Wilburton,* 5 Ind. T. 252, 82 S. W. 738, and *Id.,* 142 Fed. 114, 73 C. C. A. 338, 4 L. R. A. (N. S.) 782, a controlling case, has expressly decided that a prosecution for the violation of a town ordinance is a civil, and not a criminal, action.

It is further contended that, if it was a civil proceeding, no summons as required by law was served on the plaintiff in error. In the case of *Hodges et al. v. Frazier,* 31 Ark. 60, the court said:

"The defendants appealed to this court, and here argue that, Chick being a nonresident, no affidavit of that fact appears to authorize a warning order against him. Whether such affidavit was lost with the original papers does not appear. It is not ma-

terial. Chick having appealed to this court from the original decree which was reversed, he thereby became a party to the proceeding, and must follow the cause to its conclusion, or take the consequences."

In the case of *Farmers' National Bank of Vinita, Plaintiff in Error, v. First National Bank of Pryor Creek, Defendant in Error* (decided by this court at this term), *ante,* p. 108, 103 Pac. 685, it was held that, the United States Commissioner exercising jurisdiction of a justice of the peace by virtue of certain statutes of Arkansas extended to, and put in force in, the Indian Territory (Act Cong. May 2, 1890, c. 182, 26 Stat. 98 Ind. T. Ann. St. 1899, p. 13 § 39; Act Cong. March 1, 1895, c. 145, 28 Stat. 695, Ind. T. Ann. St. 1899, p. 17, § 48), having jurisdiction of the subject-matter, and having rendered judgment without having jurisdiction of the person of the defendant, when such defendant appeared and filed an affidavit for appeal to the United States Court for the Northern District of the Indian Territory, at Vinita, and superseded the judgment, it thereby entered its appearance, and made itself a party to the proceeding, and could not thereafter be heard to complain of the judgment rendered in the United States Court at Vinita.

As to the contention that no complaint had been filed in the mayor's court, and therefore no jurisdiction was acquired of said action either by the mayor's or district court, the record recites that a complant was filed on April 15, 1907, charging defendant with not having paid an occupation or license tax, in violation of Ordinance No. 5 of the incorporated town of Bixby, and such recital will prevail on review in this court over the verified statement of the motion of the plaintiff in error, otherwise unsupported.

As to the further contention that the manager of a store is not personally liable for an occupation tax for such concern, and that that was the capacity in which the defendant was prosecuted and fined in said case, that question is not properly before this court. The only question here under the record is whether or not the lower court erred in dismissing the appeal, and not sustaining

the motion to set aside such order. The affidavit for appeal, as it appears in the record, whilst it is signed by the plaintiff in error, does not appear to have ever been sworn to before any officer, as there is no jurat attached thereto, nor does it show that it was filed within 30 days after the rendition of said judgment. That of itself was sufficient to justify the court in dismissing the appeal.

In addition to that it appears that the transcript was not filed by the first day of the next term of the court, as required by the statute (Mansf. Dig. § 4139, Ind. T. Ann. St. 1899, § 2819), and it has been held in numerous cases by the Supreme Court of Arkansas, which control in the case at bar, that on such failure the circuit court has the discretion to affirm the judgment of the lower court or dismiss the appeal; and, unless there has been an abuse of such discretion, same would not be disturbed on appeal. *Smith et al. v. Allen,* 31 Ark. 270; *McGhee v. Carroll & Jones,* 31 Ark. 550; *Hughes v. Wheat,* 32 Ark. 392.

In the case of *Brown et al v. Gorman,* 7 Ind. T. 747, 104 S. W. 1163, the foregoing rule was followed by the United States Court of Appeals for the Indian Territory, wherein the court said:

"Appellant argues from this section that it was the duty of the justice (mayor) to send up the transcript, and that, if the mayor failed to do his duty in this respect, the appellant should not be made to suffer, on account of such negligence. But the Supreme Court of Arkansas has held that it is the duty of the appellant to see that the transcript is filed as required; and, if he fails to do so, the circuit court may, in its discretion, dismiss or affirm for failure to prosecute the appeal."

It is further urged that the failure of the appellant to be present did not justify the court in dismissing her appeal for want of prosecution, or give the court any different or greater powers or jurisdiction than it would have had if she had been personally present in court, in which event it would have been necessary for the case to have been tried *de novo;* and further, that her failure to be present was not a failure to prosecute her appeal within the meaning of the law. In this instance she had not only failed to

file the transcript with the clerk of the court, as required by law, but when the case was reached on the regular call of the docket, she failed to be present to proceed with the trial of the same. It is insisted by the plaintiff in error, in her motion to set aside the judgment of the lower court, that the defendant in error had waived the laches in not filing the transcript in time. On examination of the record we find that in the motion of plaintiff in error to set aside said order dismissing her appeal it is contended that the attorney for defendant in error wrote her attorney the day before the appeal was dismissed as follows:

"This case is subject to call now for trial. There are 4 cases for trial set before it. This case may not be called before 9 o'clock a. m. Thursday, July 18, 1907. There are no motions on file nor will any be filed by the appellee on account of failure of appellant to file transcript."

The bill of exception does not show that there was any proof made on that point other than the statements made in the motion to set aside the order. Section 2832, Ind. T. Ann. St. 1899 (Mans. Dig. § 4152; Sand. & H. Dig. § 4448; Gannt's Dig. § 3838; Kirby's Dig. § 4683), provides:

"If the party appealing moves to dismiss in the circuit court, or fails to prosecute his appeal, it shall be at the option of the appellee either to proceed to trial on the appeal or have judgment rendered for the amount of the original judgment and costs where it was in his favor or in bar of the original judgment where it was against him."

In this case the defendant in error did not move to dismiss in the district court until the plaintiff in error failed to appear. She failed to prosecute her appeal, not only by failing to file the transcript in time, as required by law, but also to be present in court to prosecute same. The statute provides that in such event the appellee may have judgment rendered for the amount of the original judgment and costs, where it was in his favor. The motion to set aside the order, being overruled by the court, involved the exercise of a discretion, and, where the record fails to affirma-

tively show an abuse of such, the judgment of the lower court should not be disturbed.

Failing to find any reversible error in the record, the judgment of the lower court is affirmed.

All the Justices concur.