## BURKS et al v. AMERICAN NAT. BANK OF TULSA.

No. 10758—Opinion Filed Jan. 23, 1923.

Rehearing Denied March 20, 1923.

(Syllabus.)

1. **Pleading—Exhibits—Variance.**

Where there is a variance between the written exhibits attached to an answer as the foundation for the defense to a civil action and the allegations of the answer itself, the exhibits must control.

2. **Abatement and Revival—Another Action Pending.**

As a general rule, applicable both at law and in equity, the pendency of an action cannot be pleaded in abatement of a subsequent action unless the two actions are not only for substantially the same cause, but also between substantially the same parties.

3. **Bills and Notes—Action on Note—Judgment on Pleadings—Defense of Another Action Pending.**

Record examined, and held, that the trial court did not err in sustaining plaintiff's

motion for judgment on the pleadings.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by the American National Bank of Tulsa against Roy E. Burks, Sol Lewis, and H. L. Muldrow as sureties on notes. Judgment for plaintiff, and defendants bring error. Affirmed.

Rainey & Flynn, for plaintiffs in error.

West & Petry, for defendant in error.

KANE, J. This was an action commenced by defendant in error, plaintiff below, against the plaintiffs in error, defendants below as unconditional indorsers of a promissory note. Hereafter, for convenience, the parties will be designated plaintiff and defendants, respectively, as they appeared in the trial court.

The petition of the plaintiff was in the usual form and admittedly states a cause of action. The answer of the defendants admits the execution of the note sued on and the endorsement thereof by the defendants, and by way of defense alleges, in substance: (1) That the note sued on was given and indorsed as a renewal of a balance then due on three other promissory notes of $3,000, $1,500, and $500, respectively, signed by the Chick-Osage Oil Company, one of which was indorsed by each of the defendants, one being indorsed by one of the defendants, and the other by each of the defendants. (2) That it was agreed between the parties for a valuable consideration that the former notes would be renewed from time to time so long as oil was produced from certain leasehold premises, and that inasmuch as said premises are still producing oil this action was prematurely commenced. (3) That an action is now pending in Osage county to recover the amount due the bank upon the three prior notes, which action constitutes a bar to further proceedings in the present case.

The defendants then attach to their answer certain instruments in writing, the nature of which it is not necessary to state, which they say support the allegations of their answer in regard to the defensive matter therein before set up. Thereupon the plaintiff filed a motion for judgment on the pleadings, which was sustained by the court and judgment rendered for the plaintiff as prayed for, to reverse which this proceeding in error was commenced.

Counsel for the defendants state their grounds for reversal in their brief under two propositions. Under their first proposition counsel say that their answer states facts sufficient to show that the plaintiff is attempting to sue the defendants as indorsers upon a promissory note for an indebtedness which was expressly agreed for a valuable consideration should be renewed from time to time as long as oil was produced on certain premises. They contend as a matter of law that between the original parties a negotiable instrument is not of such high dignity as a medium of exchange that the parties cannot annex any lawful condition to its payment at the time it is given.

Several authorities are cited in support of this proposition of law, but, as its soundness is not disputed, we do not deem it necessary to comment on them at this time.

But while we may agree with counsel as to the legal proposition just stated, we are unable to agree with them in their analysis of their answer when construed in connection with the exhibits attached thereto.

It is quite true, as counsel contends, that the answer itself contains allegations of fact sufficient to constitute a defense against the note on the ground that the parties for a valuable consideration agreed to a renewal thereof from time to time as long as oil was produced on certain premises, and that oil is still being produced. But we are unable to find any provision in the written instruments attached to plaintiff's answer that supports the allegations of the answer. Indeed, as we view them, they show a contrary import. The terms of the written instruments attached to the answer being at variance with the allegations contained therein, the contract must prevail over the conclusions of fact stated by the pleader.

There are a great many authorities to the effect that where a written instrument is the foundation of a civil action, the original or a copy thereof should be filed as an exhibit to the pleading, and in case of variance between the pleading and the exhibit, the exhibit must control. First Nat. Bank v. Jones, 2 Okla. 253, 37 Pac. 824; Bowker v. Linton et al., 69 Oklahoma, 172 Pac. 442; Southern Surety Co. v. Municipal Excavator Co., 61 Okla. 215, 160 Pac. 617, L. R. A. 1917B, 558.

These cases, it seems to us, support the conclusion that where there is a variance between the written exhibits attached to the answer as the foundation for the defense to a civil action and the allegations of the answer itself, the exhibits must control.

There being nothing in the written instruments attached to the answer limiting

the liability of the defendants as sureties, as alleged, the first proposition raised by counsel must be held to be unvailing.

A complete answer to the second proposition is that the exhibits attached to the answer show that the action pending in Osage county, pleaded in bar of the present action, was not an action against these defendants, nor either of them, nor to enforce the liabilities sued on herein.

It seems to be well settled that, in addition to the necessity for identity of causes, so that a judgment in one would be a bar to the judgment in the other, there must also be an identity of parties. 1 C. J. 75; Muller v. Mullock, 22 Kan. 416; Riser v. Gilpatrick, 16 Kan. 564.

As these seem to be the only questions which properly arise out of the record before us, it follows that the judgment of the trial court must be affirmed.

JOHNSON, V. C. J., and McNEILL, KENNAMER, NICHOLSON, and BRANSON, JJ., concur.