## CONTINENTAL LIFE INS. CO. v. PHILLIPS et al.

No. 22722.   Dec. 11, 1934.

Stanley D. Campbell, for plaintiff in error.

S. A. Duling and Leon C. Phillips, for defendants in error.

PER CURIAM. The plaintiff in error, Continental Life Insurance Company, a corporation, brought suit in the district court of Okfuskee county, Okla., against defendants in error, Leon C. Phillips and F. S. Duga, and others, to foreclose a real estate mortgage upon certain lots in the town of Okemah, Okla., and for a personal judgment against defendants in error. The trial court rendered judgment in favor of plaintiff, foreclosing its mortgage, but denied a personal or deficiency judgment against the defendants in error. Plaintiff in error filed a motion for new trial, which was overruled, and perfected its appeal to this court. Plaintiff in error has stated in its brief:

"The sole question presented on this appeal is whether defendants assumed plaintiff's mortgage, which was in existence at

the time defendants purchased said property, and the amount of which mortgage was admittedly deducted from the consideration stated in the deed conveying said property to defendants, and on which defendants admittedly made certain payments to plaintiff after their purchase of said property."

The record shows that defendants in error purchased the property covered by the mortgage sued upon by plaintiff in error and obtained a warranty deed to said property. The only reference to the mortgage contained in the deed is as follows:

"Except real estate mortgage of $10,600."

The consideration recited in the deed was $15,600. Defendant Phillips testified that he paid $4,000 in cash at the time the deed was executed, and that he and his associates paid an extra $1,000, making a total of $5,000. He also testified that he made several payments on the mortgage indebtedness after the execution of said deed in order to protect his equity in the property, and to protect the second mortgage, which his wife held upon the property. There was no evidence of any agreement, either verbal or in writing, that the defendants agreed to pay the mortgage indebtedness, and no evidence or admission in the record that it was to be deducted from the purchase price. In fact, there is no evidence in the record as to the purchase price of the property other than the recital of the consideration of $15,600 in the deed, and the evidence of Mr. Phillips that the grantors were paid $5,000 in cash at the time of the delivery of the deed.

The plaintiff in error contends that, under the facts in this case, the law implies an agreement on the part of defendants to pay the mortgage indebtedness.

The authorities cited by plaintiff in error in support of its contention are not in point. No authorities are cited where a purchaser of land incumbered with a mortgage was held liable to the mortgagee for the mortgage indebtedness, where he did not expressly assume or agree to pay the same. In the case of Beardsley v. Stephens et al., 134 Okla. 243, 273 P. 240, in the syllabus, this court said:

"Where the grantor, by deed, with a clause specifying that the grantee assumes the mortgage, conveys land upon which there is a mortgage debt for which said grantor was not personally liable, the grantee is not primarily liable for the deficiency arising on foreclosure sale; such clause and its accept-

ance being a mere agreement to indemnify the grantor, and not for the benefit of the holder of the mortgage, to whom the grantor owed no obligation, unless it affirmatively appears from the evidence that the assumption clause in the deed was inserted expressly for the benefit of a third party within the meaning of section 4988, C. O. S. 1921."

In the body of the opinion, this court further said:

"It has also been repeatedly held that, where a grantee buys property subject to a mortgage, which he does not assume and agree to pay, said grantee does not become personally liable for the payment of the mortgage. Bailey v. State, 72 Okla. 203, 179 P. 615; Van Eman v. Mosing, 36 Okla. 555, 129 P. 2. These cases are based on the theory that, unless it otherwise affirmatively appears, the purchaser is buying only the equity of redemption."

In 41 C. J. 717, this question is discussed as follows:

"The grantee of mortgaged land does not incur a personal liability for the payment of the mortgage debt, enforceable by the mortgagee, merely because the deed recites that it is made subject to the mortgage; nor because of his agreement to purchase subject to the mortgage. Personal liability on the part of the grantee is created only by his distinct assumption of the debt or contractual obligation to pay it."

We, therefore, conclude the judgment of the district court of Okfuskee county should be affirmed, and it is so ordered.

The Supreme Court acknowledges the aid of Attorneys Roy Glasco, R. E. Bowling, and Joe W. Curtis in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Glasco and approved by Mr. Bowling and Mr. Curtis, this cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.