**KRIEWITZ et al. v. TAYLOR, Bank Com'r, et al.**

No. 25374.  May 14, 1935.

Connelly Harrington, H. G. E. Beauchamp, and E. H. Beauchamp, for plaintiffs in error.

Williams & Williams, for defendants in error.

PER CURIAM.· This was an action commenced in the district court· of Delaware county by Walter E. Taylor, State Bank Commissioner of the state of Arkansas, and F. F. Freeman, Deputy State Bank Commissioner of the state of Arkansas, two of the defendants in error, against the plaintiffs in error, J. J. Kriewitz, Clara O. Kriewitz, and Glenn Kriewitz, to recover upon a promissory note and foreclose a real estate mortgage upon certain property in Delaware county securing the same. The original petition alleged the defendants J. J. Kriewitz and Clara O. Kriewitz executed a note for $1,000 on December 31, 1929, to the Producer's State Bank, Siloam Springs, Ark., now in process of liquidation, and on the same date executed and delivered the mortgage sued upon to secure the note. It is further alleged that on December 21, 1931, a renewal note in the sum of $800, representing the then balance due on the original note, was executed by said J. J. Kriewitz. A copy of said renewal note and the original mortgage are attached as exhibits to said petition. The usual allegations of ownership of the paper, default and conditions broken are made, and the prayer is for a personal judgment as against J. J. Kriewitz only and foreclosure of the mortgage as against all defendants. It is alleged the defendant Glenn Kriewitz has no interest in the mortgaged premises, but, if any he has, the same is subject to the lien of plaintiffs' mortgage. Exhibit "A" to said petition, being the renewal note, purports to be dated December 21, 1931, and is signed W. O. Reed and J. J. Kriewitz. The mortgage is executed by J. J. Kriewitz and Clara O. Kriewitz. The defendants, and each of them, filed their separate answers and cross-petitions in which they admitted the execution and delivery of the $1,000 note and the mortgage as alleged by plaintiffs, but denied the $800 note was a renewal thereof, alleged the $1,000 note had been fully paid, and that the mortgage was satisfied, and by way of cross-petition asked the mortgage be discharged of record and canceled. Glenn Kriewitz asserted he was the owner of the premises under a quitclaim deed from J. J. Kriewitz and Clara O. Kriewitz, and asked his title be quieted as against the mortgage. After answers filed as above, upon motion of Marion Wasson, State Bank Commissioner of the state of Arkansas, and successor in office of Walter E. Taylor, the defendant in error Margaret Garrett was by order of the court made a party plaintiff upon it being shown she had purchased the note and mortgage sued upon and succeeded to all rights of the original plaintiffs in said action. Margaret Garrett, the real plaintiff, then filed an amended petition in which she adopted the allegations in the original petition and pleaded the purchase and assignment to her of said note, mortgage and the cause of action sued upon. The allegations of this amended petition describe the renewal note of $800, dated December 21. 1931,

which, it is alleged, represents the then balance due on said original $1,000 note, to secure which the mortgage was given. A recitation in the record (R. p. 29) says that "a copy of the note introduced in evidence in the case, as exhibit 'A' of the plaintiff," was attached as an exhibit to said amended petition, along with a copy of said mortgage and the assignment thereof to Margaret Garrett from Bank Commissioner. The note, later admitted in evidence on the trial, and which the record recites was exhibited to said amended petition, was a later renewal of the indebtedness originally evidenced by the $1,000 note, and showed to be a note for $800, dated January 21, 1932, signed by W. O. Reed and J. J. Kriewitz. J. J. Kriewitz filed an amendment to his amended separate answer and cross-petition in which he repleaded the allegations in said amended answer as against the substituted plaintiff, Margaret Garrett. The cause was tried to the court, a jury being waived by the parties, and judgment was rendered in favor of plaintiffs against all defendants upon said note and for foreclosure of the mortgage securing the same upon the property therein described. Motion for new trial was filed by defendants, considered by the court, and overruled. Exceptions were allowed, and the case is here for review.

Eight specifications of error are set out in the petition in error of defendants, but only six are set out in their brief, and the ones urged can be considered under the propositions argued in the brief, that is, that the judgment of the court is clearly against the weight of the evidence and is not supported by the evidence, and the court erred in rendering a personal judgment as against the defendants Clara O. Kriewitz and Glenn Kriewitz.

It is contended by defendants the judgment of the trial court is not supported by any evidence, and such argument is predicated upon the alleged error of the court in admitting in evidence the note dated January 21, 1932, over their objections that the same was not within the issues. It is contended that since the allegations in the amended petition described a note dated December 21, 1931, while the note introduced in evidence was dated January 21, 1932, the admission of such note in evidence was error as being without the issues in said cause. Defendants further contend that if said note had not been admitted in evidence, as they say it should not have, there would be a failure of proof, and the judgment not supported by evidence, and that since the

judgment, if supported at all, must be supported by the note admitted in evidence over their objection, if the note was erroneously admitted in evidence, the cause would have to be reversed on account of lack of evidence. Defendants in their brief cite authorities to the effect that evidence offered by plaintiff which does not support an issue made by the pleadings should be excluded. See Bilby et al. v. Gibson et al., 133 Okla. 196, 271 P. 1026. Authorities are also cited to the effect that where there is no evidence to support a verdict (and the trial court's findings and judgment have same force and effect) it will be set aside on appeal. See Tate v. Coalgate State Bank, 72 Okla. 276, 180 P. 687, and cases therein cited. We find no fault with the rules laid down in these cases, but they do not avail the defendants in the instant case. For, in this case, while defendants in their brief say the note introduced in evidence was not attached to the amended petition as an exhibit thereto, and that said amended petition in the body thereof described a different note, the record (R. p. 29) recites that the note introduced in evidence was attached to said amended petition as an exhibit thereto, and this court is bound thereby. The rule is stated in Oklahoma Fire Ins. Co. v. Kimpel, 39 Okla. 339, 135 P. 6, as follows:

"Record — Verity — Amendment. The record filed for the purpose of appeal imports absolute verity. It is the sole, conclusive and unimpeachable evidence of the proceedings in the lower court. If incomplete or incorrect, amendment or correction must be sought by proper proceedings. In the case of an omission or error in the record, the power exists in the court below to amend such record, so that it may conform to the actual facts and truth of the case."

This same rule is announced in the case of Perry v. Myers, 127 Okla. 27, 259 P. 556, decided by this court in 1927, where an affidavit of one of the counsel for plaintiffs in error was attached to case-made, setting out that counsel made proper exceptions to certain instructions given by the court and to the action of the court in refusing to give requested instructions, but that they were overlooked by the judge and he failed to sign them. The judge in that case also made a certificate saying he had no independent recollection of the matter. The case-made did not show the exceptions, and this court, after quoting the rule in the Kimpel Case, supra, with approval, said:

"The case-made cannot be impeached, changed, altered or varied on appeal by an

ex parte and unauthorized certificate of the trial judge or of the clerk, nor by affidavits or other evidence or matters dehors the record. 4 C. J. 512; Thompson v. Cade, 14 Okla. 337, 79 P. 96; Mason v. Harlow (Kan.) 142 P. 243; General Electric Co. v. Sapulpa & I. Ry. Co., 49 Okla. 376, 153 P. 189."

See, also Everts v. Town of Bixby, 24 Okla. 176, 103 P. 621. There is another reason why the contention of defendants cannot be sustained. It has long been the law that where there is a variance between the allegations of a pleading and the exhibits attached thereto, the exhibits control. The rule was stated by this court in Mason et al. v. Slonecker, 92 Okla. 227, 219 P. 357, as follows:

"In an action for debt and foreclosure of mortgage, the note and mortgage are required by the statute to be made a part of the petition, or attached thereto as exhibits, and if there is a variance between the allegations of the petition and the exhibits attached, the exhibits must control and the exhibits must be held to be a part of the petition."

See, also, Burks et al. v. American Nat. Bank of Tulsa, 89 Okla. 62, 213 P. 301; Home Insurance Co. of N. Y. v. Whitchurch, 139 Okla. 1, 281 P. 234, and the late case of Deere v. Gypsy Oil Co., 160 Okla. 237, 15 P. (2d) 1086, where the rule is announced as follows:

"Where there is a variance between the allegations of the petition and exhibits attached thereto as a basis of suit, the contents of the exhibits control and prevail over the allegations of the petition."

No attempt was made by defendants to correct such case-made with respect to said exhibit, either by suggestion of amendment in the court below, or by application to withdraw it from this court for correction after the appeal was lodged here. We must, therefore, and are bound by record to, conclude that the note introduced in evidence was attached as an exhibit to said amended petition, and that, since there was a variance between the allegations of the amended petition and said exhibit, the exhibit must control, and the note introduced in evidence was within the issues and properly admitted in evidence. Defendants demurred to the evidence of plaintiffs at the conclusion thereof and moved for a judgment on the whole case, on the ground that the evidence was insufficient to sustain the allegations of the petition or support a judgment against defendants. In the briefs it is not seriously contended the evidence is insufficient to support the foreclosure judgment, if it be held the note introduced in evidence was properly admitted. We have so held. Some little complaint, however, is made that the judgment is contrary to the evidence. The defense was payment of the original $1,000 note, and that the $800 note sued upon was not a renewal of said $1,000 note, and did not represent any balance due on said original indebtedness. These contentions presented questions of fact, and the burden of proof of same rested upon the defendants. See Curry v. De Lana, 127 Okla. 70, 259 P. 851. Defendants admitted the execution of the $1,000 note and the mortgage, but testified partial payments thereon had been made to the bank, and that the balance due thereon represented by a renewal note was included in a certain settlement had with the bank, when a larger note was made, and that this settlement note had been paid in full. The evidence on this theory was not convincing and was inconsistent. On the other hand, the renewal of the indebtedness, as alleged by plaintiffs, was supported by testimony of the Deputy Bank Commissioner and the former cashier and manager of the failed bank; the renewal note and the mortgage sued upon were found among the assets of the bank when it closed, and were listed upon the liability and discount registers of said bank. They were in the possession of and produced upon the trial by plaintiff, Margaret Garrett, uncanceled, which constitutes prima facie evidence of nonpayment. See Reviere v. Payne, 166 Okla. 150, 26 P. (2d) 734. The defendants were unable to produce the notes claimed by them to have been paid. The judgment of the trial court necessarily involved a finding: (1) That defendants had not sustained the burden of proving the payment of said original indebtedness; and (2) that the balance due thereon was represented by the note sued upon. Such finding and judgment is reasonably supported by the evidence and is not against the weight of the evidence, and will, therefore, not be disturbed by this court. The rule has been stated by this court in the case of Dean v. McMichael, 168 Okla. 536, 33 P. (2d) 1086, as follows:

"In an equity case, the findings of fact and the judgment of the trial court based thereon will not be disturbed by the court unless they are against the clear weight of the evidence."

See, also, Echols v. Reeburgh, 62 Okla. 67, 161 P. 1065; Baker et al. v. Farmers & Merchants State Bank, 117 Okla. 93, 245 P. 555. We have examined the record here-

in, and find the evidence ample to support the judgment of the court foreclosing the mortgage sued upon and money judgment against J. J. Kriewitz.

It is urged that the record does not sustain a money judgment against Clara O. Kriewitz and Glenn Kriewitz. With this contention we agree. The record discloses that Clara O. Kriewitz did not sign the renewal note sued upon, given for the balance of the $1,000 note, secured by the mortgage. Her husband, J. J. Kriewitz, and one W. O. Reed signed the renewal note. She was made a party because she joined in the mortgage. Had the suit been upon the original note and there been no intention manifest from the evidence that she was to have been released from liability, the fact she did not sign the renewal would not have excused her. See Price v. Latimer County Nat. Bank of Wilburton, 119 Okla. 198, 249 P. 305. Here, however, no personal judgment is asked as against her, and a third party is taken on the renewal note, or notes, and the evidence wholly fails to disclose an intent to hold her personally liable on said note. The judgment of the court in this respect is without the issues of the cause and clearly against the weight of the evidence. Nor does it follow, since no personal judgment can be taken against her, that the mortgage cannot be foreclosed. See Kerr et al. v. McKinney, 69 Okla. 88, 170 P. 685, citing Reeves & Co. v. Dyer et al., 52 Okla. 750, 153 P. 850, and Echols v. Reeburgh, 62 Okla. 67, 161 P. 1065.

As to the defendant Glenn Kriewitz, the judgment of the court decreeing a personal money judgment as against him is also clearly against the weight of the evidence. No personal judgment was sought against him in the action, and the evidence discloses he purchased the property from the original owners, J. J. Kriewitz and Clara O. Kriewitz, by quitclaim deed. The deed was not introduced in evidence, so we do not know its terms or recitals, and there was no evidence of any assumption of the mortgage indebtedness by him or contractual obligation to pay it. See Continental Life Ins. Co. v. Phillips, 170 Okla. 34, 38 P. (2d) 564, where this court said:

"Personal liability of grantee for payment of mortgage debt is created only by distinct assumption of mortgage debt or contractual obligation to pay it, and is not created by agreement to purchase subject to mortgage or recital in deed that deed is made subject to mortgage."

The evidence, in fact, negatives the conclusion he assumed the indebtedness.

This being a case of equitable cognizance, the court will consider the whole record, weigh the evidence, and, where the judgment is clearly against the weight of the evidence, will render or cause to be rendered such judgment as the trial court should have rendered. Ruland v. Bohner, 149 Okla. 36, 299 P. 167, and Streeter et al. v. State ex rel., 154 Okla. 160, 7 P. (2d) 636, where the rule is stated:

"On an appeal from a judgment rendered in an equitable action, it is the duty of this court to affirm the judgment of the trial court if it is not clearly against the weight of the evidence, but if it is clearly against the weight of the evidence, this court will reverse the judgment and render such judgment as the court below should have rendered or direct a new trial to be had."

The judgment of the trial court should, therefore, be affirmed in so far as it grants a money judgment as against J. J. Kriewitz and foreclosure of said mortgage as against all defendants, and should be reversed in so far as it decrees a money judgment against Clara O. Kriewitz and Glenn Kriewitz, and judgment here rendered denying personal recovery as against said defendants Clara O. Kriewitz and Glenn Kriewitz. It is so ordered.

The Supreme Court acknowledges the aid of Attorneys R. Place Montgomery, J. G. Hughes, and Ralph Carder in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Montgomery and approved by Mr. Hughes and Mr. Carder, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and BAYLESS, BUSBY, PHELPS, and GIBSON, JJ. concur.