## ALLIANCE INSURANCE CO. OF PHILADELPHIA, PA., v. WOODS.

### No. 27271. May 10, 1938.

Rittenhouse, Webster & Rittenhouse, for plaintiff in error.

H. C. Ivester, for defendant in error.

PER CURIAM. This action was instituted in the district court of Beckham county by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, to recover upon a contract of fire insurance.

The execution and delivery of the policy of insurance and the total destruction by fire of the property insured were admitted. The sufficiency of the petition to withstand a general demurrer and the breach by the plaintiff of certain provisions of the policy of insurance were relied upon by the defendant to defeat the action. The petition of the plaintiff had attached thereto as ex-hibits copy of the policy of insurance and of the proof of loss furnished to the defendant, and alleged ownership by the plaintiff of the dwelling house insured by the defendant, the total loss by fire during the effective term of the policy, damage resulting to the plaintiff in the sum of $1,711.11, and the furnishing of proof of loss to the defendant and waiver by defendant of any insufficiency therein, and the failure of the defendant to pay for the loss or any part thereof. The sworn proof of loss attached as an exhibit to the petition stated that the property was being occupied solely as a dwelling at the time of its destruction by fire. Demurrer of defendant was overruled, and thereupon defendant answered, and therein, after a general denial, pleaded as affirmative defenses breach by the plaintiff of the provisions of the policy which required that the insured premises be used for dwelling purposes only; an increase in the hazard known to and acquiesced in by the plaintiff; false and fraudulent swearing on the part of the plaintiff with reference to the loss, and failure of the plaintiff to furnish proof of loss as required by the terms of the policy. The cause was tried to a jury. Defendant demurred to the evidence of the plaintiff, and at the close of all of the evidence moved for a directed verdict in its favor, and when these were overruled saved proper exceptions thereto. The jury returned a verdict in favor of the plaintiff and assessed his recovery in the sum of $866.66. Motion for new trial was overruled, and defendant appeals. Defendant assigns eight specifications of error, which it presents under the following proposition, to wit:

"(1) The uncontradicted testimony and facts clearly and affirmatively established that the insured premises were occupied other than 'only for dwelling purposes' as specified and limited under the terms of the policy sued on.

"(2) There was an increase of hazard by means under the control or within the knowledge of the assured.

"(3) The assured was guilty of false swearing relating to the use and occupancy of the insured dwelling, and as to its value."

Under the first proposition, defendant challenges the sufficiency of the petition in that it does not affirmatively plead that the premises were used for dwelling purposes only, and further urges that the evidence conclusively shows that it was not so used. The allegations of the petition were that the property was a dwelling house and the proof of loss sworn to by the plaintiff and

attached to the petition as an exhibit stated that the property was used as a dwelling house and for no other purpose. Where the sufficiency of a petition is challenged, it must be construed in connection with the exhibits which are attached thereto and made a part thereof. Southern Surety Co. v. Chambers, 72 Okla. 307, 180 P. 711; Westchester Fire Insurance Co. v. McDonald, 123 Okla. 289, 253 P. 287; Home Insurance Co. of N. Y. v. Whitechurch, 139 Okla. 1, 281 P. 234. The petition, thus construed, was sufficient. The evidence as disclosed by the record shows that the premises were occupied by the plaintiff's tenant as a dwelling, and that while the place had the reputation of being one where gaming was carried on and illegal sale of liquors was conducted, numerous raids made by the officers on the place had failed to produce any tangible results except for a few bottles of home brew. This was insufficient to establish as a matter of law the use of the premises for other purposes than that of a dwelling only. Ragley v. Northwestern Nat. Ins. Co., 151 Wash. 545, 276 P. 537. The evidence with respect to any illegal use of the premises was not conclusive, but was sufficient only to raise an inference that it was so used. The question, therefore, became one to be determined by the jury.

The defendant's second proposition is based upon the assumption that the evidence conclusively established the use of the premises for illegal purposes and thus increased the hazard. What we have heretofore said with respect to the evidence of illegal use in discussing the defendant's first proposition disposes of the second.

The final contention of the defendant has to do with the proof of loss furnished by the plaintiff. It seems to be the position of the defendant that, since its answer charged the plaintiff with false swearing in respect to the value of the premises destroyed and the use to which they were being put at the time of the loss, this was sufficient to convict the plaintiff on both counts. As we have previously stated, the evidence regarding the use to which the premises were being put was in conflict, and the jury by its verdict found against the contention of the defendant. The claim of value made by the plaintiff in the proof of loss submitted to the defendant appears to have been based upon estimates furnished him by men who had had considerable experience in the building trade, and who were familiar with costs, and if the estimates so furnished were excessive or too high, it does not appear that they were intentionally false. In

this connection the defendant requested, and the court gave, the following instruction:

"You are instructed if you find from a fair preponderance of the evidence that subsequent to plaintiff's alleged loss by fire, plaintiff furnished to the defendant a sworn statement wherein he falsely set forth and stated that the cash value of said dwelling house just previous to said fire was the sum of $1,711.11, or that he falsely and fraudulently set forth therein that the origin of said fire was to him unknown; or that he falsely set forth therein that said dwelling house at the time of said fire was being used and occupied as a dwelling house and for no other purpose, then your verdict will be for the defendant."

In the above instruction requested by the defendant, the contentions of the defendant were squarely presented to the jury, and the jury by its verdict found that the plaintiff was not guilty of false swearing in either particular. As said in the case of Orient Insurance Co. v. Van Zandt-Bruce Drug Co., 50 Okla. 558, 151 P. 323:

"The questions as to whether the statements in the proof of loss were false or material are questions of fact for the jury."

After a careful reading of the entire record, we are convinced that the case was fairly tried and submitted to the jury under instructions which were fundamentally sound, and that the verdict finds ample support in the evidence. Under these circumstances, this court will not disturb the verdict or the judgment rendered thereon.

Judgment affirmed.

BAYLESS, V. C. J., and RILEY, PHELPS, GIBSON, and HURST, JJ., concur.