## HEARN et al. v. SNOW, Trustee, et al.

No. 28678. March 28, 1939.

Chapman & Chapman, for plaintiffs in error.

R. J. Roberts, M. D. Kirk, and Gentry Lee, for defendants in error.

DANNER, J. On January 21, 1936, the defendant in error, plaintiff in the trial court, filed its petition against the plaintiff in error and others, as defendants, to foreclose a mortgage on real estate given to secure a promissory note dated January

21, 1921, payable on the 1st day of February, 1931. The note was executed by the defendants G. W. Hearn and Lucy Hearn to the Conservative Loan Company, a corporation, which note and mortgage subsequently became the property of the plaintiff. Summons was issued by the court clerk on the 21st day of January, 1936, and served on the defendants G. W. Hearn, Lucy Hearn, and Dock Hearn, defendants concerned in this appeal, on the 22nd day of January, 1936. After their demurrer to the petition had been overruled, the defendants, plaintiffs in error here, filed their answer, which consisted of a general denial together with an affirmative allegation that the action was barred by limitation.

The cause was tried to the court, resulting in a judgment for the plaintiff foreclosing its mortgage on the real estate involved in the action. From the judgment, and the order denying their motion for a new trial, the defendants G. W. Hearn, Lucy Hearn, Gus Hearn, Jr., and Dock Hearn appeal.

The sole question presented for determination is whether plaintiff's action was barred by the statute of limitations. Section 101, O. S. 1931, 12 Okla. St. Ann. sec. 95, provides as follows:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

"First. Within five years: An action upon any contract, agreement or promise in writing."

Specifically, the defendants argue the plaintiff's cause of action accrued on the 21st day of January, 1931, and inasmuch as summons was not served on the defendants until January 22, 1936, the action was not commenced within five years after it accrued, and was therefore barred. The plaintiff, to the contrary, contends that the note dated January 21, 1921, was on its face payable on February 1, 1931, thus bringing the action within the five-year period, inasmuch as summons was had on the defendants on January 22, 1936.

The mortgage, among other things, recites:

"This mortgage is given to secure the sum of Twenty Five Hundred and no/100 Dollars, with interest thereon at the rate of seven per cent. per annum, from date hereof, payable annually, according to the terms and at the time and in the manner provided by one certain promissory note of even date herewith, with coupons for such interest thereto attached, and payable to the other of the mortgagee herein, on the dates therein specified (or in partial payments prior to maturity in accordance with stipulations therein) signed by first parties."

The material part of the note is as follows:

"United States of America
"First Mortgage

"No. 2-13100

"Real Estate Note
"$2500.00

"Conservative Loan Company
Incorporated
"Shawnee, Oklahoma

"January 21st, 1921.

"On the first day of February 1931 for value received money borrowed we promise to pay to the order of the Conservative Loan Company (a corporation) at its office in Shawnee, Oklahoma, the principal sum of Twenty-five Hundred and no/100 _____ Dollars, with interest from date at the rate of seven per cent. per annum payable _____ annually until due according to the tenor and effect of the interest coupons hereto attached bearing even date herewith."

The difficulty arises on account of the variance between the allegations in the petition and the note and mortgage attached to the petition as exhibits. In the petition it is alleged:

"Plaintiffs for their cause of action allege and state that defendant G. W. Hearn and Lucy Hearn made, executed and delivered to the Conservative Loan Company their certain promissory note dated January 21st, 1921, for the sum of $2500.00 with 7% interest from date and 10% interest after maturity due January 21st, 1931, a copy of which is attached, hereto marked Exhibit 'A' and made a part hereof. * * *"

The note, introduced in evidence, shows the maturity date, "on the first day of February, 1931." Generally, in actions founded upon written instruments, if there is a variance between the allegations in the petition and the terms of the instruments, such instruments being made an exhibit to the petition, are part of the petition, and control. Burks et al. v. American Nat. Bank of Tulsa, 89 Okla. 62, 213 P. 301; Kriewitz et al. v. Taylor, Bank Commissioner, et al., 172 Okla. 227, 45 P.2d 527; Alliance Ins. Co. of Philadelphia v. Woods, 182 Okla. 620, 79 P.2d 573. See, also, Importers & Exporters Ins. Co. v. Farris, 181 Okla. 339, 73 P.2d 831; American Invest-

ment Co. v. City Savings Bank, 181 Okla. 511, 75 P.2d 186.

We conclude that plaintiff's cause of action accrued on February 1, 1931, and the action having been commenced and service of summons had on the defendants within five years from that date, the action was not barred by limitations. The judgment is affirmed.

BAYLESS, C. J., and OSBORN, CORN, and HURST, JJ., concur.