2000 OK CIV APP 53

Sherry BERRY and "The Wilcox Family Partnership," an Oklahoma Partnership, Plaintiffs/Appellees,

v.

Stanley YOUNG, Judy Young, Kaycee Young, And Terry Young, Defendants/Appellants.

No. 92,929.

Court of Civil Appeals of Oklahoma, Division No. 1.

March 24, 2000.

Brian Berry, Park Hill, Oklahoma, for Plaintiffs/Appellees.

Nathan H. Young, III, Tahlequah, Oklahoma, for Defendants/Appellants.

BUETTNER, Judge.

¶ 1 The parties are neighbors who share a property line. Eleven of the Young's cattle were found on Berry's property. Berry penned the cattle on her property. She and her family partnership filed a small claims action for damages caused by the cattle and for boarding. The Youngs moved to dismiss on the ground that there was another action pending between the parties involving the same claim. See 12 O.S.1991 § 2012(B)(8). The small claims division denied the motion.

The matter was tried with a judgment entered in favor of Berry. We affirm.

■ ¶ 2 With respect to the denial of the motion to dismiss,

A defendant may, by motion, interpose the pendency of other litigation as an impediment to going forward with the action then sought to be prosecuted. See 12 O.S.1991 § 2012(B)8; *Burks v. American Nat. Bank of Tulsa,* 89 Okl. 62, 213 P. 301 (1923).

*Sneed v. McDonnell Douglas,* 1999 OK 84, 991 P.2d 1001.

■ ¶ 3 However, we cannot tell from the record before us which action was filed first, the Berry's small claims affidavit or the Youngs' petition in district court. There is a copy of the petition in the record, but the file stamp is illegible. "It is the duty of the appealing party to procure a record that is sufficient to obtain the corrective relief sought." *Chamberlin v. Chamberlin,* 1986 OK 30, 720 P.2d 721, 724. Likewise, the pleadings before the trial court do not establish which case was filed first. Without establishing which case was filed first, there is no basis from which to determine whether the defense of "Another action pending between the same parties for the same claim;" was improperly denied.[1] However, we are able to determine that the parties are not the "same." In the district court petition, the parties are Kaycee and Terry Young suing Sherry Berry. In the small claims affidavit, the parties captioned are Sherry Berry and the Wilcox Family Partnership versus Stanley Young, Judy Young, Kaycee Young and Terry Young. Because the record is inadequate to show that the district court petition was filed before the small claims affidavit, and because the parties captioned in the

actions are not the same, we hold that the small claims division of the district court did not err in denying the Youngs' motion to dismiss.

■ ¶ 4 The Youngs also argue that the court applied the wrong law to the facts at bar. In particular, the Youngs claim that 4 O.S.1991 § 85.1 et seq. does not apply when the owners of a domestic animal (does not include dogs and cats) who strays upon another's property, are known. The law provides, however:

When the identity of the owner of any stray animal is known to the taker-up he shall communicate to the said owner that the animal has strayed and that he has taken it up. The taker-up may require the owner of any strayed animal he has taken up to pay the actual cost of its keep while so taken up plus all damages that the strayed animal caused to the premises.

4 O.S.1991 § 85.3.

Cattle are defined as domestic animals. 4 O.S.1991 § 98. There is no doubt that § 85.3 applies to this case.

■ ¶ 5 Finally, the Youngs contend that Berry failed to comply with the law's procedure when stray animals are distrained. Their brief, however, does not explain what procedure was employed. The law provides that the owner of the strays will pay for damages caused by the straying animals and for the cost of keeping them. 4 O.S.1991 § 85.3. If the taker-up and the owner cannot agree to the amount of damages and keep, jurisdiction over the dispute is placed in the "Small Claims Division of the District Court in the county where the estray is located...." 4 O.S. § 85.12.[2] In the case at hand,

---

**1.** 12 O.S.1991 § 2012B: Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * *

8. Another action pending between the same parties for the same claim;....

The Youngs stated in their Motion to Dismiss, and on appeal, that the ground relied on was § 2012(B)(10), "Lack of capacity to sue." However, the substance plead was § 2012(B)(8), and

we presume that the section misnumbering was a mistake.

**2.** 4 O.S.1991 § 85.12: "In event the taker-up and the owner and/or claimant cannot agree as to the amount of damages or expenses involved, the Small Claims Division of the District Court in the county where estray is located shall have jurisdiction to adjudicate the matter, as well as determine claims between more than one person who claim ownership of the estray." Because straying livestock can easily be valued greater than the Small Claims $4,500 tort and contract cap, not to mention the amount of damage they

we presume the Youngs did not agree with Berry concerning the amount of damage inflicted and the expenses for keep. The matter was resolved in the Small Claims Division. There is no error on this account.

¶ 6 We hold that the Small Claims Division did not err in denying the Youngs' motion to dismiss and that there was no reversible error committed in the application of the law to the facts.

AFFIRMED.

¶ 7 JONES, P.J., and GARRETT, J., concur.

might inflict, it appears that the Small Claims Division has concurrent jurisdiction with the District Court over the subject matter.